ELLIS, Judge.
This appeal is taken by Captain Roland F. Coppola of the Louisiana State Police from the following decision of the Lousiana Commission on Governmental Ethics, which was embodied in a letter from the Secretary of the Commission to Captain Coppola’s attorney:
“Upon consideration of the testimony and evidence produced at this hearing, the Commission adopted a motion that Captain Roland F. Coppola violated Section 1114(2) of Title 42 of the Revised Statutes of Louisiana through the acceptance of something of economic value as a gift, gratuity or favor from Griffith Rental Tools, Inc., and Bailey Transportation Company, firms which conducted operations or activities which are regulated by Captain Coppola’s agency and ordered that Captain Roland Coppola be suspended without pay for a period of thirty (30) days.”
*316 It appears from the record that the Commission conducted an investigation into possible violations of the Code of Ethics by Captain Coppola, and based on the report of this investigation, scheduled a private hearing thereon. This hearing was held on January 5, 1968, and a number of witnesses were heard. At that private hearing, appellant requested that he or his counsel be present during the taking of testimony and allowed to cross examine the witnesses. This request was denied by the Commission. At that hearing, Captain Coppola testified without objection on his part.
After that hearing, Captain Coppola was charged with violating Sections 1114 and 1115 of the Code of Ethics, and a public hearing was held to investigate those charges. The specific violations charged are set forth in a letter from the Secretary of the Commission to Captain Coppola, dated January 15, 1968, as follows:
“1. In the summer of 1966, you received and accepted from the Bailey Transportation Company of Lafayette, Louisiana, as a gift, gratuity or favor, the services of three of its trucks to haul brick for you from Houston, Texas to Lafayette, Louisiana.
“2. In connection with the activity described in (1.) above, through the use of your office you induced Mr. Claude N. Miley, an employee of the Louisiana Department of Highways, to release a Bailey Transportation Company truck which was overloaded with your brick without there being compliance with State law or the regulations of the Department of Highways where vehicles are found to be transporting loads in excess of the limitations established by State law.
“3. You received and accepted from Griffith Rental Tools, Inc., of Lafayette, Louisiana as a gift, gratuity or favor the use of tools described in Griffith Rental Tools, Inc., delivery tickets dated September 12, and September 22 and November 25, 1966 and January 7, 1967. These tools were used by Eagle Well Service, without charge to you or Eagle Well Service, in reworking an oil well in which you had an economic interest.”
At the public hearing which was conducted on February 9, 1968, the only witness who testified relative to the above activities was Captain Coppola. Prior thereto, he objected to the conduct of the public hearing since the decision to hold it was made subsequent to the private hearing at which he was not allowed to cross examine the witnesses against him, or hear their testimony. He further objected to being forced to testify against himself, as a violation of the 5th and 14th Amendment of the Constitution of the United States. He stated that he would testify only if granted immunity from criminal prosecution in the event of self incrimination. He stated that he would testify only under threat of contempt or forfeiture of his office under the provisions of R.S. 42:1121 (D) (4). We gather from the record that the Commission overruled all of his objections and that he was ordered to testify, which he did.
Shortly after the hearing, his attorney was notified of the above suspension. Captain Coppola has appealed, and assigns three specifications of error.
First, because of the failure of the Commission to allow the appellant and his counsel to be present at the private hearing, evidence gathered at such a hearing.is inadmissible. Second, that since the appellant should not have been forced to testify against himself by the coercive provisions of R.S. 42:1121 (D) (4), his testimony should not be considered and that there is on other evidence before the Commission on which to base the suspension. Third, it is contended that even if all of the above evidence is admissible that his conduct is not of such a nature as could be construed as wrongdoing under R.S. 42:1114(2).
The Commission committed no error in requiring that appellant testify. The privilege against self incrimination *317 has been held to apply to criminal prosecutions, but not in administrative hearings such as this. The testimony elicited in this case from appellant, having been obtained through threat of disciplinary action, could not be used as the basis of a criminal conviction. See Garrity v. New Jersey, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967). However, such provisions as R.S. 42:1121 (D) (4) are valid exercises of the police power of the State. As said in Callahan v. New Orleans Police Department, 171 So.2d 730 (La.App. 4 Cir. 1965):
“The paramount interest of the public in the area of law enforcement is so obvious that further comment seems unnecessary. A police officer who refuses to cooperate with the proper authority of the city by which he is employed; who refuses to give information within his knowledge; or who impedes or hinders the inquiry by the proper authorities into violations of the law which he has sworn to uphold and defend, is no longer of any value to the city as a police officer. A.ny law which declares and renders such officer disqualified from continuation in public service is within the limits of the reasonable exercise of the police power of the State and not violative of due process.”
However, we find that the proceedings in this case are fatally defective in two respects.
First, the Commission erred in refusing to permit appellant and his counsel to be present at the private hearing and to cross examine the witnesses who testified. R.S. 42:1121 (D) (5) provides as follows:
“Any state employee or other person who is the subject of any investigation or hearing, public or private, shall have the right to legal counsel, the right to cross-examine witnesses, and the right to call witnesses and present evidence in his own behalf.”
Since the charges brought against appellant were, in part, based on the information elicited at the private hearing, which was received by the Commission without the benefit of any explanation or contradiction by appellant, and without affording him the opportunity of hearing and cross examining the witnesses, we are of the opinion that the public hearing conducted thereafter was without effect.
We do not believe that the failure to permit appellant to hear and cross examine the witnesses against him can be remedied, as suggested in appellant’s first specification of error, by excluding the evidence received at the private hearing. This evidence would not be admissible at the public hearing in any case. R.S. 42:1121 (D) (1) reads, in part, as follows:
“No disciplinary action shall be taken against a state employee or other person by the commission unless such employee or person has been found guilty of a violation of the provisions of this Part at a public hearing conducted for that purpose.”
There would be no purpose in holding a public hearing if evidence received prior thereto could form the basis of disciplinary action. In addition, by not being allowed to hear and cross examine the witnesses at the private hearing, appellant has been denied the opportunity to prepare his defense properly.
Secondly, the record is devoid of any valid evidence as to the final action taken by the Commission. Our examination of the statute leads us to believe that the only action which can be taken by the Commission is to order the head of an agency to take disciplinary action; R.S. 42:1121 (A) (1); regulate the conduct of business by former employees of an agency with that agency, R.S. 42:1121 (B) ; and cancel or rescind certain state contracts, R.S. 42:1121 (C). There is nothing in the record to indicate that the Commission acted in any of the above ways. The appeal in this case was. taken from a letter written by the Secretary of the Commission to appellant’s attorney. There is no copy of the order, no *318 minute entry, and no evidence that any action was ever taken pursuant thereto by the head of appellant’s agency. The situation is analogous to that in which an appeal is taken in a civil case in which no judgment has been signed.
Since we are of the opinion that the proceedings below are procedurally defective, the case will be remanded to the Commission for further proceedings in accordance with law.
Remanded.