BLANCHE, Judge.
Roland F. Coppola, an employee of the Louisiana State Police with the rank of captain, was charged by the Louisiana Commission on Governmental Ethics with violating certain provisions of the Louisiana Code of Governmental Ethics. A public hearing was held on said charges on February 9, 1968, and on the basis of the evidence adduced at that hearing, as well as that obtained at a previously-held closed, private hearing on January 5, 1968, the Commission on February 12, 1968, ruled that Captain Coppola had violated the Code by reason of his having accepted something of economic value as a gift, gratuity or favor from the Griffith Rental Tools, Inc., and Bailey Transportation Company, Inc., firms which conducted operations or activities which were regulated by Captain Coppola and Coppola’s agency (Troop “I” of the Louisiana State Police located at Lafayette, Louisiana), and ordered that he be suspended without pay for a period of thirty days.
Thereafter, Captain Coppola appealed the order of the Commission to this Court, and on appeal we held that the disciplinary action taken against Captain Coppola was invalid as a result of certain procedural defects, remanding the case to the Commission for further proceedings in accordance with law.[1]
The Corrimission, on remand, ordered another public hearing, and at that hearing Captain Coppola was charged as follows:
“1. In the summer of 1966, you received and accepted from the Bailey Transportation Company of Lafayette, Louisiana as a gift, gratuity or favor, the services of three of its trucks to haul brick for you from Houston, Texas to Lafayette, Louisiana.
“2. In connection with the activity described in (1.) above, through the use of your office you induced Mr. Claude N. Miley, an employee of the Louisiana Department of Highways, to release a Bailey Transportation Company Truck which was overloaded with your brick without there being compliance with State law or the regulations of the Department of Highways where vehicles are found to be transporting loads in excess of the limitations established by State law.
“3. You received and accepted from Griffith Rental Tools, Inc., of Lafayette, Louisiana as a gift, gratuity or favor the use of tools described in Griffith Rental Tools, Inc., delivery tickets dated September 12, September 22 and November 25, 1966 and January 7, 1967. These tools were used by Eagle Well Service, without charge to you or Eagle Well Service, in reworking an oil well in which you had an economic interest.

“4. At a time best known only to you but believed by the Commission to have been during the spring of 1965, you solicited from one Carlos Marcello as a favor, a loan of $42,-000 which you were to use to invest in a stone manufacturing business. At the time of this sought after loan, you had or should have had knowledge that there were indications that Carlos Marcello had been involved in or had participated in illegal activities in the Lafayette area subject to regulation by the Louisiana Department of Public Safety.” (Exhibit Commission I, Record, p. 6)
*800 The first three charges were the same as heard by the Commission at the first hearing, and the fourth charge was an additional charge which had not previously been considered.
After the hearing had commenced, counsel for Captain Coppola filed a motion to quash and dismiss the charges on the ground that our previous opinion contemplated dismissal of the charges on remand. This motion was denied and supervisory writs were applied for and denied by this Court on March 11, 1971.
Thereafter, the Commission proceeded with a public hearing and, on the basis of the testimony adduced as well as the documentary evidence introduced, found:
“ . . . that Captain Roland F. Coppola in 1) receiving and accepting from the Bailey Transportation Company of Lafayette, Louisiana, as a gift, the services of its trucks to haul bricks from Texas to his home; 2) in receiving from Griffith Rental Tools, Inc. of Lafayette as a gift or favor the use of certain tools with which to rework an oil well in which he had a substantial economic interest; and 3) in soliciting from Carlos Marcello as a favor, a loan of $42,000 did, in fact, violate pertinent provisions of the Code of Governmental Ethics.” (Opinion of the Louisiana Commission on Governmental Ethics, Record, p. 63)
The Commission then ordered the Director of the Department of Public Safety to demote Captain Coppola from the rank of captain to that of lieutenant and further ordered that he not be promoted above the rank of lieutenant for a period of one year. From said order, Captain Coppola has perfected this suspensive appeal.
Appellant’s first assignment of error is the Commission’s proceeding to try him on the same charges as he was previously tried on January 5, 1968. It is argued that the decision in In Re Coppola, cited supra, barred any further trial of said charges and is now the law of the case, citing as authority therefor the decision in Thibodeaux v. Parks Equipment Company, 185 So.2d 232 (La.App. 1st Cir.), writs refused, 249 La. 193, 194, 186 So.2d 157, and 249 La. 200, 186 So.2d 159. The Thibodeaux case stands for the proposition that our decision on an identical issue on the first appeal in the same suit between the same parties provides the law of the case on the second appeal. There is no need to consider and decide again that which has been previously decided in the same suit.
However, that is not the case here. When this matter was previously considered by this Court, we did not in any way suggest that further proceedings against Captain Coppola would be barred. To the contrary, we remanded the case to the Commission for further proceedings in accordance with law. All that was decided in the previous appeal was that the disciplinary order in the first proceeding was invalid, as those proceedings were procedurally defective in two respects: (1) the Commission violated the provisions of R.S. 42:-1121, subd. D(5) [2] by refusing to permit appellant and his counsel to be present at the private hearing and to cross-examine the witnesses who testified, and (2) the disciplinary order was based on evidence obtained at both the private and public hearings and therefore was violative of the provisions of R.S. 42:1121, subd. D (l),[3] which in mandatory language states that no disciplinary action may be taken by the Commission against any state employee *801 unless such employee has been found guilty at a public hearing conducted for that purpose. Otherwise, we would not have bothered to say: “There would be.no purpose in holding a public hearing if evidence received prior thereto could form the basis of disciplinary action.” (In Re Coppola, 222 So.2d at 317) For this identical reason, we also stated:
“We do not believe that the failure to permit appellant to hear and cross examine the witnesses against him can be remedied, as suggested in appellant’s first specification of error, by excluding the evidence received at the private hearing. This evidence would not be admissible at the public hearing in any case. . ” (In Re Coppola, 222 So.2d at 317)
Only in the context that appellant was entitled to have the entire body of evidence presented at the public hearing does the foregoing language have true meaning.
We note on the second hearing that appellant’s procedural rights were respected in that he was afforded at a public hearing the right to have counsel and to present witnesses in his own behalf, as well as to cross-examine witnesses against him, and that the Commission based its findings solely on the evidence there presented.
The next assignment of error is based on the assertion that the Commission disobeyed our mandate in pressing charges against appellant at the second public hearing based on information elicited at the private hearing held on January 5,1968, which we ruled to be illegal. The simple answer to this argument is that we did not rule the evidence obtained by the Commission at its private hearing to be illegal, we merely stated that it was inadmissible for the reasons set forth here-inabove.
Also alleged as error is the finding by the Commission that the solicitation of a loan by Captain Coppola from one Carlos Marcello amounted to a violation of Section 1114 of the Louisiana Code of Governmental Ethics. The only proyision contained in R.S. 42:1114 which Captain Coppola could be found to have violated reads as follows:
“Section 1114. Gifts.
“General rule for all employees. — No state employee shall . . . solicit . directly . . . any thing of economic value as a . . . favor from any person ... if such person:
' “(2) Conducts operations or activities which are regulated by such employee’s agency; or
“(3) Has interests which may be substantially affected by such employee’s performance or nonperformance of official duty.
“And if such state employee knew or reasonably should have known of the existence of any of the conditions covered above. . . .”
The record does not reflect what operations or activities of Carlos Marcello are regulated by Captain Coppola’s agency, nor does it reflect what interest he may have which may be affected by Captain Coppola’s performance or nonperformance of his official duties. The record is further barren of any proof that his application to Marcello for a loan amounted to a favor. The only evidence in the record on this issue comes from Captain Coppola, who stated that he asked Marcello for a loan after he was turned down by some lending institutions and that he was also turned down by Marcello. Absent any evidence concerning either the terms or conditions of the loan, the proof falls short of establishing that it amounted to a solicitation of an economic favor unless we were to hold that applying to Marcello for a loan after he was turned down by some lending institutions amounted to the solicitation of a favor. Such a holding would be tenuous at best. The most that Captain Coppola can be said to have done is to make application for a loan to a person *802 who is reputed to be engaged in every conceivable type of illegal activity. Yet, Marcello’s reputation is not in the record by any competent evidence, and we are not permitted to take judicial cognizance thereof, even though it may be well known to us. We are not, and neither was the Commission, faced with making a determination of the propriety of Captain Coppola’s action in this regard.
The specification of error puts at issue the sufficiency of proof, and we find that it was insufficient to support a violation of the Code, and, accordingly, the finding by the Commission on this charge is set aside.
The punishment imposed by the Commission relates to a finding of a violation of the Code on all three counts. The effect of our setting aside one of the findings under the circumstance where the punishment relates to the finding of a violation on all three counts, in our opinion, nullifies the sentence as imposed and requires further reconsideration and reassessment by the Commission.
Accordingly, we approve and affirm the findings of the Commission that Captain Roland F. Coppola violated the Code of Governmental Ethics as follows:
“ . . . in 1) receiving and accepting from the Bailey Transportation Company of Lafayette, Louisiana, as a gift, the services of its trucks to haul bricks from Texas to his home; 2) in receiving from Griffith Rental Tools, Inc. of Lafayette as a gift or favor the use of certain tools with which to rework an oil well in which he had a substantial economic interest. . . .” (Opinion of the Louisiana Commission on Governmental Ethics, Record, p. 63)
We set aside the finding that Captain Coppola violated the Code of Governmental Ethics “in soliciting from Carlos Marcello as a favor, a loan of $42,000.” (Opinion of the Louisiana Commission on Governmental Ethics, Record, p. 63)
We further remand the matter to the Commission for reconsideration and reassessment of the punishment based on its having found that the said Roland F. Coppola violated the Code of Governmental Ethics on those counts as approved by us.
Affirmed in part, reversed in part and remanded with instructions.

. In Re Coppola, 222 S.0.2U 314 (La.App. 1st Cir. 1969).

. R.S. 42:1121, subd. D(5) then read, in part, as follows:
“(5) Any state employee or other person who is the subject of any investigation or hearing, public or private, shall have the right to legal counsel, the right to cross-examine witnesses, and the right to call witnesses and present evidence in his own behalf.”

. R.S. 42:1121, subd. DC) then read, in part, as follows:
“(1) Xo disciplinary action shall be taken against a state employee or other person by the commission unless such employee or person has been found guilty of a violation of the provisions of this Part at a public hearing conducted for that purpose,”