BLANCHE, Judge.
This matter is now before us for the third time. All appeals have arisen out of charges made by the Louisiana Commission on Governmental Ethics that appellant, Captain Roland F. Coppola, an employee of the Louisiana State Police, violated certain provisions of the Louisiana Code of Governmental Ethics. With one exception, all assignments of error made to us on this appeal have been previously disposed of by us in judgments rendered in earlier appeals.[1] That exception relates to the punishment imposed by the Commission on Captain Coppola.
At the conclusion of the original hearing of the charges against Captain Coppola on February 12, 1968, the Commission found *191 him guilty of two of the three charges filed against him, namely, charges (1) and (3) :
“1. In the summer of 1966, you received and accepted from the Bailey Transportation Company of Lafayette, Louisiana as a gift, gratuity or favor, the services of three of its trucks to haul brick for you from Houston, Texas to Lafayette, Louisiana.”
“3. You received and accepted from Griffith Rental Tools, Inc., of Lafayette, Louisiana as a gift, gratuity or favor the use of tools described in Griffith Rental Tools, Inc., delivery tickets dated September 12, September 22 and November 25, 1966 and January 7, 1967. These tools were used by Eagle Well Service, without charge to you or Eagle Well Service, in reworking an oil well in which you had an economic interest.”
Nothing was stated in the order as to the Commission’s findings in regard to charge (2), but it was obviously preter-mitted because this charge was again reconsidered at a subsequent hearing before the Commission. Charge (2) reads as follows :
“2. In connection with the activity described in (1.) above, through the use of your office you induced Mr. Claude N. Mileyi an employee of the Louisiana Department of Highways, to release a Bailey Transportation Company Truck which was overloaded with your brick without there being compliance with State law or the regulations of the Department of Highways where vehicles are found to be transporting loads in excess of the limitations established by State law.”
Based on the above findings, the Commission ordered that Captain Coppola be suspended without pay for a period of one month.
This order of the Commission was appealed to this Court and in our decision set forth in 222 So.2d 314 (La.App. 1st Cir. 1969), we held that the disciplinary action taken against Captain Coppola was invalid as a result of certain procedural defects and remanded the case to the Commission for further proceedings in. accordance with law.
On remand, the Commission ordered another public hearing of the same three charges and an additional charge (4), as follows:
“4. At a time best known only to you but believed by the Commission to have been during the spring of 1965, you solicited from one Carlos Marcello as a favor, a loan of $42,000 which you were to use to invest in a stone manufacturing business. At the time of this sought after loan, you had or should have had knowledge that there were indications that Carlos Marcello had been involved in or had participated in illegal activities in the Lafayette area subject to regulation by the Louisiana Department of Public Safety.”
By order rendered May 24, 1971, the Commission found Captain Coppola guilty of the same two charges of which it had originally found him guilty at its first hearing, charges (1) and (3), and also guilty of charge (4) set forth above. The Commission then ordered that Captain Coppola be demoted to the rank of lieutenant and that he not be promoted above the rank of lieutenant for a period of one year.
This order of the Commission was appealed to this Court and in our decision set forth in 256 So.2d 798 (La.App. 1st Cir. 1971) we set aside the Commission’s finding as to charge (4), thereby acquitting him of that charge but affirmed its finding as to charges (1) and (3). We then remanded the matter to the Commission for reconsideration and reassessment of the punishment of Captain Coppola based on *192 its having- found him guilty of those charges approved by us.
On remand the Commission reconsidered the punishment of Captain Coppola, and by order rendered on May 4, 1972, the Commission reaffirmed the demotion of Captain Coppola from the rank of captain to lieutenant but decreased the period for which he could not be promoted from one year to six months.
The punishment imposed upon Captain Coppola by its order of May 4, 1972, demoting him from the rank of captain to lieutenant, together with the proscription that he not be promoted for a period of six months, is in our opinion greater than the punishment of suspension for one month imposed on him by the Commission by its order of February 12, 1968, after its original hearing of the charges against him. We reject the Commission’s suggestion that suspension for one month is economically more onerous than reduction in rank for six months, as it is based on the factual assumption that he would have been promoted to captain at the end of the six-month period and is a fact of a speculative nature not in evidence. The charges approved by us on appeal were the same charges of which the Commission had originally found him guilty and the same charges on which the reassessment of sentence was based.
The Administrative Procedure Act, LSA-R.S. 49:951, et seq., provides unto appellant a judicial review from an adjudication of an administrative agency such as the Louisiana Commission on Governmental Ethics [2] where substantial rights of the appellant have been prejudiced in violation of constitutional or statutory provisions, LSA-R.S. 49:964, subds. A, G(l).[3] In addition to the foregoing statutory right of review, our Supreme Court in Bowen v. Doyal, 259 La. 839, 253 So.2d 200 (1971), has held that administrative due process demands a judicial review where a party’s legal rights have been adversely affected. There Justice Barham, speaking for the Court, stated:
“Article 1, Section 6, of the Louisiana Constitution provides that the courts must be open to every person for adequate remedy by due process of law. We have held that although administrative bodies have power to determine as original propositions the matters assigned to them under statute, a party whose legal rights have been adversely affected by that determination may test its legal correctness in the courts. See Meyer v. Board of Trustees, etc., 199 La. 633, 6 So.2d 713, and cases there cited; State ex rel. Rathe v. Jefferson Parish School Board, 206 La. 317, 19 So.2d 153; Parker v. Board of Barber Examiners, 84 So.2d 80 (La.App. 1st Cir. 1955); Pettit v. Penn, 180 So.2d 66 (La.App.2nd Cir. 1965), writs refused 248 La. 696, 181 So.2d 397. Thus, with the presumption that all administrative determinations are reviewable by the court and a conviction that judicial review may even be necessary in the face of legislative attempt to deny it, in the absence of constitutional restrictions we must not only favor but preserve the right of review. The mandate of Article 1, Section 6, is of overriding concern as *193 we consider the matter before us, which on its face presents a legal dispute between an individual and an administrative body.” (Bowen v. Doyal, 253 So.2d 200, 203, 204)
Though this case involves a ruling of an agency of the State of Louisiana affecting a property right of a person subject to its jurisdiction (rank and compensation of an employee of the State Police), an analogous case in point is the United States Supreme Court case of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). There the Court held that in the absence of an impelling reason therefor reflected by the record, a tribunal may not impose a more severe sentence after a new trial, inasmuch as the same would be vio-lative of due process of law guarantees of the United States Constitution. The Court stated:
“Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant’s exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.
“In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.” (North Carolina v. Pearce, 89 S.Ct. 2072, 2080, 2081)
The case of Lawrence v. Henderson, 318 F.Supp. 230 (D.C.1970), comments on the Pearce case as follows :
“The Pearce case recognized that a ‘ “defendant’s exercise of a right to appeal must be free and unfettered. * * * [I]t is unfair to use the great power given to the court to determine sentence to place a defendant in the dilemma of making an unfree choice.” Worcester v. Commissioner [1 Cir.] 370 F.2d 713, 718.’ North Carolina v. Pearce, supra, [395 U.S.] at 724, 89 S.Ct. at 2080. The Court then held a defendant’s open access to the appellate courts is unconstitutionally impeded if the appeal procedure is such that the defendant must risk the possibility of an enhanced sentence motivated by the vindictiveness of the trial judge against a defendant who has successfully attacked his first conviction. Such a procedure ‘chill [s] the exercise of basic constitutional rights’ by a criminal defendant by putting a high price on an appeal in violation of due process of law. United States v. Jackson, 390 U.S. 570, 582, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968).” (Lawrence v. Henderson, 318 F.Supp. 230, 233)
We regard the principle of a free and unfettered right of review as equally applicable to an administrative proceeding involving property rights as it is to a proceeding involving one’s liberty. Here the record is barren of any impelling reason for the imposition of a greater penalty for the identical violations for which it had originally imposed a suspension of one month.
For the above and foregoing reasons, Order No. 11 of the Louisiana Commission on Governmental Ethics is recalled, vacated and set aside, and judgment is rendered herein ordering the Commission, pursuant to the authority vested in it by law, to order the Director of the Department of Public Safety to suspend Captain Coppola without *194 pay for a period of one month. All costs which are legally assessable to the Louisiana Commission on Governmental Ethics are so assessed.
Reversed and rendered.

. Appeal No. 7534 is reported at 222 So.2d 314; Appeal No. 8633 is reported at 256 So.2d 798.

. LSA-R.S. 49:951(2) rends ns follows:
“§ 95]. Definitions
“As used in this Chapter:

“(2) ‘Agency’ means each state board, commission, department, or officer authorized by law to make rules or to formulate and issue decisions and orders * *

. “§ 964. Judicial review of adjudication
“A. A person who is aggrieved by a final decision or order in an adjudication proceeding is entitled to judicial review under this Chapter * * *.
;¡í ¡{, Stf ',*
“G. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because tire administrative findings, inferences, conclusions, or decisions are:
“(1) In violation of constitutional or statutory provisions * *