FOURNET, Chief Justice.
 

 We granted a writ of certiorari, 255 La. 342, 230 So.2d 836, on the application of the plaintiffs,
 
 [1]
 
 all of whom had their employment terminated with the Rapides Parish Fire Department, in order to review the judgment of the Ninth Judicial District Court dismissing the appeal they had taken-from the ruling of the Rapides Parish Fire Civil Service Board, upholding the action of the Rapides Parish Police Jury in laying off the six firemen due to lack of funds,
 
 *569
 
 resulting from a requirement of Act SS of 1968, amending R.S. 33:1992, increasing the minimum wages for parish fire fighters effective January 1, 1969.
 

 The Rapides Parish Fire Civil Service Board was created pursuant to Act 282 of 1964, now Part 3 of Chapter 5 of Title 33 of the Louisiana Revised Statutes, the purpose of the act declaring it was to provide for “mandatory civil service for all said firemen and policemen in each municipality having a population of not less than 7,000 nor more than 13,000 in each parish and each fire protection district, * * A right of appeal was provided for any employee or appointing authority from any decision of the board prejudicial to them under R.S. 33:2561,
 
 [2]
 
 which further provides upon the demand of the appealing party the Board is to file the transcript and papers on file in its office relating to the decision with the “designated court” which “shall proceed to hear and determine the appeal in a summary manner” with the hearing being “confined to the determination of whether the decision made by the board was made in good faith for cause.”
 

 The trial judge in his written reasons for judgment observed that the legislature in adopting Act 282 of 1964, not only did not designate which court had appellate jurisdiction from decisions of the Board but, “even if it did so, conferring of this authority on the district court would be unconstitutional,” pointing out that the district courts’ appellate jurisdiction is limited, except as otherwise provided in the Constitution, to the specific categories designated in Article 7, Section 36 of the Louisiana Constitution.
 
 [3]
 

 
 *571
 
 Counsel for relator recognizes that there is no basic constitutional provisions for appellate jurisdiction
 
 [4]
 
 for Civil Service Boards for Fire Protection Districts in municipalities with a population of not less than 7,000 nor more than 13,000, but argues inasmuch as this court in the case of Trosclair et al v. Houma Municipal Fire & Police Civil Service Board, 252 La. 1, 209 So.2d 1, held the appellate forum pursuant to Article 14, Section 15.1 is the district court wherein the board is domiciled, the legislature in adopting Act 282 of 1964 obviously intended the appeals from the decisions of such boards should be to the same court.
 

 Clearly, the case of Trosclair v. Houma Municipal Fire & Police Civil Service Board, supra, is inapposite from a factual as well as a legal standpoint. That case involved an appeal by firemen in a fire protection district with a population of not less than 13,000 nor more than 100,000, which according to Section 15.1 of Article 14 of the Louisiana Constitution specifically authorizes an appeal by an aggrieved party from a decision of the board for such districts. Moreover, as aptly observed by the trial judge, even if the legislature intended the appellate jurisdiction to be to the district court from decisions of boards in fire protection districts with a population of not less than 7,000 nor more than 13,000 this would he unconstitutional for such an appeal is not included in the specific categories designated in Article 7, Section 36 of the Constitution, nor in any other provision of said Constitution. The legislature cannot by statutory law enlarge the jurisdiction conferred upon the district courts by the Constitution.
 

 For the reasons assigned the judgment of the district court dismissing plaintiffs’ appeal is affirmed, reserving, however, relators’ right to proceed via ordinary suit in the court of original jurisdiction.
 

 [1]
 

 . Plaintiffs are James E. Albert, Robert Connella, Ralph O. Eunk, Lionel V. Gag-non, James J. Roy and Henry V. Vandersypen.
 

 [2]
 

 . The pertinent part of R.S. 33 :2561 provides : “Any employee under classified service and any appointing authority may appeal from any decision of the hoard or from any action taken by the board under the provisions of the Part which is prejudicial to the employee or appointing authority. This appeal shall be taken by serving the board, within thirty days after entry of its decision, a written notice of appeal, stating the grounds thereof and demanding that a certified transcript of the record, or written findings of fact, and all papers on file in the office of the board affecting or relating to such decisions, be filed with the designated court. The hoard shall, within ten days after the filing of the notice of appeal, make, certify and file the complete transcript with the designated court and that court thereupon shall proceed to hear and determine the appeal in a summary manner. This hearing shall be confined to the determination of whether the decision made by the hoard was made in good faith for cause under the provisions of this Part. No appeal to the court shall be taken except upon these grounds.”
 

 [3]
 

 . “The district courts have appellate jurisdiction, * * *, of the following cases : All appeals in civil cases tried by justices of the peace within their respective districts; all appeals in civil cases tried in city or municipal courts within their respective districts where the amount in dispute, or the value or the movable property involved does not exceed one hundred dollars, exclusive of interest; all appeals from orders of justices of the peace requiring a peace bond; and all appeals from sentences imposing a fine or imprisonment by a mayor’s court or by a city or municipal court. * *
 

 [4]
 

 . The appellate jurisdiction for the district court is contx-olled by Article 7, Section 36, that of the court of appeal by Article 7, Section 29 and that of the Supreme Court by Article 7, Section 10.