253 So.2d 200

Richard W. BOWEN

v.

F. C. DOYAL, Administrator of the Division of Employment Security of Department of Labor, State of Louisiana and Roy O. Martin. Lumber Company.

No. 50945.

Sept. 30, 1971.

Dissenting Opinion Oct. 20, 1971.

Edward Larvadain, Jr., Alexandria, for plaintiff-appellee.

Marion Weimer, James A. Piper and James A. McGraw, Baton Rouge, for defendant-appellant.

BARHAM, Justice.

The Administrator of the Division of Employment Security, Department of

Labor, has appealed under Louisiana Constitution Article 7, Section 10(2), from a judgment of the district court which had the effect of declaring unconstitutional a portion of R.S. 23:1634.[1]

Richard W. Bowen had been adversely affected by a decision of the Board of Review of the Division of Employment Security. That Board of Review had affirmed a decision of the appeals referee approving the local agency's determination that Bowen was disqualified for unemployment compensation benefits. Bowen timely instituted by petition a suit in the district court of his domicile for review of this adverse ruling, as provided in the statute.

Both the administrator and Bowen's employer, made defendants in the suit, answered the petition, and the administrator admitted that the petitioner was entitled to judicial review of the board's decision.

The district court on its own motion concluded that it lacked jurisdiction and dismissed the suit, relying upon Albert v. Parish of Rapides, 256 La. 566, 237 So. 2d 380. The court held that the suit was an appeal, and that Section 36 of Article 7 of the Constitution, which delineates the appellate jurisdiction of the district courts, did not confer appellate jurisdiction of this matter. It concluded that R.S. 23:1634,[2] providing for a "petition for re-

1. Some question was raised in argument as to whether the administrator had a right to appeal from the judgment of the trial court. As administrator of the Division of Employment Security he is vitally affected by all suits for review of decisions coming out of that division, is made by statute a party to every such proceeding, and is charged with upholding the validity of the statutes under which his division operates. We therefore hold that he has standing to maintain the appeal in this instance.

2. R.S. 23:1634 reads:
"Judicial review; procedure
"Within the time specified in R.S. 23:1630, the administrator, or any party to the proceedings before the board of review, may obtain judicial review thereof by filing in the district court of the domicile of the claimant a petition for review of the decision, and in such proceeding any other party to the proceeding before the board of review shall be made a party defendant. The petition for review need not be verified but shall state the grounds upon which such review is sought. The administrator shall be deem-

ed to be a party to any such proceeding. If the administrator is a party defendant, a certified copy of the petition shall be served upon him by leaving with him, or such representative as he may have designated for that purpose, as many copies of the petition as there are defendants. With his answer or petition, the administrator shall certify and file with the court a certified copy of the record of the case, including all documents and papers and a transcript of all testimony taken in the matter, together with the board of review's findings, conclusions, and decision. Upon the filing of a petition for review by the administrator or upon the service of the petition on him, the administrator shall forthwith send by registered mail to each other party to the proceeding a copy of the petition, and such mailing shall be deemed to be completed service upon all parties. In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.

view" to be filed in the district court of the claimant's domicile, could not confer extraconstitutional appellate jurisdiction upon the district court. That court's finding that this suit was an appeal was error.

■ Hearings and determinations by administrative agencies are often quasi-judicial, for, like the courts, these bodies adjudicate important rights. Ordinarily there is a board of review within the agency which affords *administrative review of or appeal from* the original determination or adjudication. Many statutes granting administrative bodies the authority to act adjudicatively contain special provisions for the right of *judicial review* of the final determination at the highest level within the agency, as does the statute here involved. But even in the absence of such statutory authority, the right of judicial review of administrative proceedings is presumed to exist. Generally the availability of judicial review is necessary to the validity of such proceedings under our legal system and our traditions. The exceptions where judicial review of administrative determination is not given are so limited as not to require discussion in the present case. See 4 Davis, Administrative Law Treatise, §§ 28.01 et seq. (1958) and 1970 Supplement; see also Schwartz, An Introduction to American Administrative Law (2d ed. 1962), Chapt. 7; 2 Cooper, State Administrative Law, Chapt. 18 (1965); Jaffe, The Right to Judicial Review, 71 Harv. L.Rev. 401.

Even in the face of statutory attempts to preclude review of administrative proceedings the United States Supreme Court has determined judicial review to be essential. Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946); Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953); Oestereich v. Selective Service System Local Board No. 11, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968). Moreover, that court appears to act under a presumption

---

No additional evidence shall be received by the court, but the court may order additional evidence to be taken before the board of review, and the board of review may, after hearing such additional evidence, modify its findings of fact or conclusions, and file such additional or modified findings and conclusions, together with a transcript of the additional record, with the court. Such proceedings shall be heard in a summary manner and shall be given precedence over all other civil cases except cases arising under the workmen's compensation law of this state. An appeal may be taken from the decision of the district court to the circuit court of appeals in the same manner, but not inconsistent with the provisions of this Chapter, as is provided in civil cases. It shall not be necessary as a condition precedent to judicial review of any decision of the board of review to enter exceptions to the rulings of the board of review, and no bond shall be required as a condition of initiating a proceeding for a judicial review, or entering an appeal from the decision of the court upon such review. Upon the final termination of a judicial proceeding, the board of review shall enter an order in accordance with the mandate of the court."

of reviewability which yields only to affirmative legislative intent in favor of unreviewability when such intent is based upon reasonable grounds or to special reason for unreviewability because of the peculiar subject matter or circumstances. American School of Magnetic Healing v. McAnnulty, 187 U.S. 94, 23 S.Ct. 33, 47 L.Ed. 90 (1902); Dismuke v. United States, 297 U.S. 167, 56 S.Ct. 400, 80 L.Ed. 561 (1936); Shields v. Utah Idaho Central R. Co., 305 U.S. 177, 59 S.Ct. 160, 83 L.Ed. 111 (1938); Reconstruction Finance Corp. v. Bankers T. Co., 318 U.S. 163, 63 S.Ct. 515, 87 L.Ed. 680 (1943); Stark v. Wickard, 321 U.S. 288, 64 S.Ct. 559, 88 L.Ed. 733 (1944); Kent v. Dulles, 357 U.S. 116, 78 S.Ct. 1113, 2 L.Ed.2d 1204 (1958); Brotherhood of Railway and Steamship Clerks, etc. v. Ass'n for Benefit of Non-Contract Employees, 380 U.S. 650, 85 S.Ct. 1192, 14 L.Ed.2d 133 (1965); Abbott Laboratories v. Gardner, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). See also Brotherhood of Railroad Trainmen v. Central of Ga. Ry. Co., 415 F.2d 403 (5th Cir. 1969).

Article 1, Section 6, of the Louisiana Constitution provides that the courts must be open to every person for adequate remedy by due process of law. We have held that although administrative bodies have power to determine as original propositions the matters assigned to them under statute, a party whose legal rights have been ad-

versely affected by that determination may test its legal correctness in the courts. See Meyer v. Board of Trustees, etc., 199 La. 633, 6 So.2d 713, and cases there cited; State ex rel. Rathe v. Jefferson Parish School Board, 206 La. 317, 19 So.2d 153; Parker v. Board of Barber Examiners, 84 So.2d 80 (La.App. 1st Cir. 1955); Pettit v. Penn, 180 So.2d 66 (La.App.2nd Cir. 1965), writs refused 248 La. 696, 181 So.2d 397. Thus, with the presumption that all administrative determinations are reviewable by the court and a conviction that judicial review may even be necessary in the face of legislative attempt to deny it, in the absence of constitutional restrictions we must not only favor but preserve the right of review. The mandate of Article 1, Section 6, is of overriding concern as we consider the matter before us, which on its face presents a legal dispute between an individual and an administrative body.

The Albert case relied upon by the district court in this suit was preceded by Trosclair v. Houma Mun. Fire & Police Civil Serv. Bd., 252 La. 1, 209 So.2d 1. Both involved the question of judicial review of adjudications by fire and police civil service boards. In Trosclair we incorrectly determined that court review of a determination by a municipal fire and police civil service board under Constitution Article 14, Section 15.1, did not entail the exercise of the *exclusive original jurisdiction of the district court.* That constitu-

tional provision, providing fire and police civil service regulations for large municipalities, limited judicial inquiry into the board's decision in regard to discharge or disciplinary action of an employee to a determination that such was made in good faith for cause, and the provision denominated that court inquiry as an "appeal". Art. 14, Sec. 15.1(31). That provision must be read in pari materia with the pertinent provisions of Article 7 defining the judicial power and function, and should not be read so as to render one constitutional provision repugnant to another if they can stand together. "Appeal" as used in Article 14, Section 15.1(31), in reference to court review of the board's determination is to be given its generic rather than its legal definition. A mere use of the word "appeal" is not determinative of the nature of the action. Under our Constitution, our law, our jurisprudence, "appeal" in its legal sense as applied to our courts means review by a higher court of a lower court judgment.[3]

The dissent in the Trosclair case by Mr. Justice Hamiter is a correct statement of the law which should have been applied. That dissent cited Houeye v. St. Helena Parish School Board, 220 La. 252, 56 So.2d 413, and concluded that the proceeding in the district court, no matter by

what procedural vehicle it was begun or what nomenclature was used, was "'simply the institution of a civil matter (not an appeal)'". See City of Lake Charles v. Lake Charles Fire Fighters Ass'n, 183 So. 2d 451 (La.App.3rd Cir. 1966). The dissent in Trosclair further pointed out correctly that although the court was required to act in a limited manner in regard to certain findings, it was " * * * nevertheless, the court of original exclusive jurisdiction to hear and determine such matter * * ".

In Albert v. Parish of Rapides, supra, we dealt with the review of a ruling of a fire and police civil service board of a small municipality governed not by the constitutional provision applicable in Trosclair but rather by a legislative enactment, R.S. 33:2531–2568. The plaintiff Albert did not file a petition in the district court but did comply with the procedural rules for court review as set out in the pertinent section of the statute, R.S. 33:2561, which is identical with its counterpart in the constitutional provision considered in Trosclair. Under both the constitutional provision and the statutory provision court review is obtained simply by serving written notice of "appeal", stating the grounds, and demanding that the transcript of the administrative proceedings and other necessary papers be filed in the designated

---

3. We recognize that other jurisdictions do consider the original court review of administrative adjudications as remedy by appeal under their particular administrative statutes and Constitutions.

court.[4] We held that this constituted an "appeal" and stated that the Legislature cannot by statutory law enlarge the appellate jurisdiction of the district court beyond that conferred by the Constitution.

In the Albert decision we refused to permit the review outlined in the statute but reserved to the plaintiff a right of review of the administrative proceedings by the filing of a suit via ordinaria. This holding is contrary to the overwhelming majority view in both federal and state systems. In other jurisdictions either the specific statutory remedy is declared exclusive as a remedy for review, or statutory and alternative remedies are allowed. Never is the statutory provision held not to avail the aggrieved party of a right to judicial review. Our error in Albert was in determining that the proceeding in the district court was an appeal in contravention of constitutional prohibition and in holding that the only method for judicial review was by ordinary suit.[5] We should have recognized that the specific statute could authorize a procedural device (as

long as due process is obtained) for instituting an original action in the district court for review of administrative proceedings in a manner other than that provided in our Code of Civil Procedure. The fact that an aggrieved party uses additional safeguards provided in our Code of Civil Procedure does not affect the validity of the proceedings so long as the requirements of the statute for notice and other requirements are complied with. In some instances, intervention of other parties or other peculiar circumstances could require an expansion of the statutory procedural device in order to comply with due process requisites.

■ Judicial review of administrative determinations should not be confused with judicial appeals. A district court's review of an administrative determination is not an appeal; it is in fact an original judicial action. Judicial appeals are governed by our Constitution and our rules of judicial procedure. An administrative determination when judicially presented and judicially adjudicated by a court of original juris-

4. In the Trosclair case the plaintiff not only had complied with the requirements of Constitution Article 14, Section 15.1, in order to secure court review but had actually filed a petition in the district court asking for review.
5. If we wished to be hypertechnical, we could distinguish Albert and Trosclair from the instant case since the provisions for review considered in those cases denominated the review an "appeal" and provided an informal method for invoking

the jurisdiction of the district court. In the case presently under consideration the statutory provision for judicial review terms the procedural device a "petition for review", and the procedure is analogous to the usual method for instituting an original civil proceeding. However, this is a distinction without a difference, for both methods obtain judicial review of final administrative findings and limit judicial inquiry into the administrative determination.

diction is subject to judicial appellate review as determined by the pertinent constitutional provisions. For example, rulings by the Louisiana Public Service Commission are subject to judicial review in the first instance at the district court level, and the judgments of that court are appealable to the Louisiana Supreme Court. Court reviews and adjudications of the determinations and rulings of other administrative bodies are appealable to the Courts of Appeal unless otherwise constitutionally controlled.

■ This suit by Bowen for a review by the district court of the administrative determination was not a *judicial appeal,* but rather an invocation of *original judicial jurisdiction.* "Appeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court." C.C.P. Art. 2082. Appeals from final court judgments in all civil cases are granted as a matter of right unless otherwise provided. La.Const. of 1921, Art. 7, Secs. 10, 29, 36, 81. See Succession of Damico, 161 La. 725, 109 So. 402.

Section 35 of Article 7 of the Constitution, which sets forth the original jurisdiction of the district courts, states in pertinent part that they " * * * shall have original jurisdiction in all civil matters regardless of the amount in dispute * * * ". The instant matter is a civil proceeding,

and the district court is the "court of competent jurisdiction". C.C.P. Art. 5251(4). In fact, the district court is the court of exclusive original jurisdiction under Constitution Article 7, Section 35.

■ We hold that when the district courts of this state review the determinations, rulings, and adjudications of administrative bodies, they exercise their exclusive original jurisdiction. The appellate jurisdiction of our courts, Courts of Appeal or Supreme Court, is the only appellate judicial review of administrative matters now provided, and it is exercised after a district court adjudication and may be invoked as a matter of right under the pertinent sections of Article 7, unless the Constitution otherwise clearly provides to the contrary.

In the statute here under consideration the Legislature has acknowledged the merit of judicial review and has fixed the venue for instituting the court proceeding. The district court, our court of original jurisdiction, must accord the parties litigant their day in court.

Insofar as Albert v. Parish of Rapides and Trosclair v. Houma Mun. Fire & Police Civil Serv. Bd., both discussed above, are in conflict with the views here expressed, they are overruled.

For the reasons assigned we reverse and remand to the district court for further proceedings.

HAMLIN, Justice (concurring in part and dissenting in part):

I respectfully concur in part with and dissent in part from the majority opinion.

I concur in the result as to a review.

I dissent from the majority opinion insofar as it holds that no appeal lies to the district court.

While I realize that much effort has been expended in the writing of the opinion, I am of the view that the protracted discussion was unnecessary. This matter could have easily been decided by adopting the philosophy of the Code of Civil Procedure set forth in Article 5051, which recites:

"The articles of this Code are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves."

McCALEB, Chief Justice (concurring).

While originally of the opinion that the Administrator herein was without right to appeal from a judgment in his favor, I now yield to the majority viewpoint inasmuch as a statute of the State has been declared unconstitutional. See Petition of Sewerage & Water Bd., 248 La. 169, 177 So.2d 276 (1965).

On the merits of the appeal I believe that the district court is vested with general

original jurisdiction to hear and determine this matter under Article VII, Section 35, of our Constitution as Bowen is seeking legal enforcement of an alleged civil right. However, I disagree with the application by the majority of principles and adjudications which do not and cannot control the issue here presented, i, e., a matter of district court jurisdiction governed exclusively by our State Constitution. Moreover, I perceive no valid reason for the summary overruling of decisions of this Court which are clearly distinguishable and eminently sound.

I respectfully concur in the decree.

SUMMERS, Justice (dissenting).

Richard W. Bowen was employed as a watchman by Roy O. Martin Lumber Company, Inc., in Alexandria. Because Bowen was found, after three warnings, to have neglected closing certain doors in his employer's premises which were required to be closed, he was released from his employment. Bowen made claim for benefits under the Louisiana Employment Security Law (La.R.S. 23:1471 to 1713) and was disqualified by a representative of the Administrator of the Department of Employment Security for misconduct connected with his employment (La.R.S. 23:1601[2]). Bowen then appealed to the Appeals Referee where, after a hearing, the initial disqualification was upheld.

From this adverse determination Bowen sought review by the Department of Employment Security's Board of Review. Finding no reason to modify or reverse the decision of the Referee, the Board of Review ordered that the decision of the Referee be deemed the decision of the Board of Review in accordance with Section 1630 of Title 23 of the Revised Statutes. Accordingly, Bowen was disqualified from benefits. See La.R.S. 23:1629.

Bowen then filed a "Petition for Appeal" in the district court of Rapides Parish seeking judicial review of the Board's decision under rights accorded by Section 1634 of Title 23 of the Revised Statute providing that " * * * any party to the proceedings before the board of review, may obtain judicial review thereof by filing in the district court of the domicile of the claimant a petition for review of the decision * * *." In any proceeding under this section "the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." Because of this latter clause limiting the right of the district court to a review of questions of law, this section purports to grant the right of appeal and not a right of review under the court's original jurisdiction as the majority seems to hold. It is necessary, therefore, for this controversy to be resolved on the question of the right to appeal to the district court, for such is the contention of the parties and that is the posture of the case under the pleadings and procedure heretofore employed by the parties.

The judge of the district court was of the opinion that because of the limitations of the district court's appellate jurisdiction contained in Section 36 of Article VII of the Louisiana Constitution, the district court was without jurisdiction to entertain an "appeal" in the matter. The trial judge held that Section 1634 of Title 23 could not, contrary to the constitution, confer appellate jurisdiction on district courts. Accordingly, he noted his lack of jurisdiction *ex propria motu* and the attempted appeal was dismissed.

On the theory that Section 1634 of Title 23 of the Revised Statutes had been declared unconstitutional by the district court when it found that statute to be contrary to Article VII, Section 36, Bowen properly perfected an appeal to this Court based upon Article VII, Section 10(2), of the constitution authorizing appeals to this Court in cases in which a law of this State has been declared unconstitutional.

Section 36 of Article VII enumerates the class of cases in which district courts have appellate jurisdiction as follows:

The district courts have appellate jurisdiction, except as otherwise provided in this Constitution, for the following

cases: All appeals in civil cases tried by justices of the peace within their respective districts; all appeals in civil cases tried in city or municipal courts within their respective districts where the amount in dispute, or the value of the movable property involved does not exceed one hundred dollars, exclusive of interest; all appeals from orders of justices of the peace requiring a peace bond; and all appeals from sentences imposing a fine or imprisonment by a mayor's court or by a city or municipal court * * *

It must be obvious to anyone reading this section that no appellate jurisdiction is conferred on district courts where review is sought of cases decided by the Board of Review of the Department of Employment Security, for, by not expressly conferring appellate jurisdiction on district courts in these cases, the jurisdiction is denied, at least by this article of the constitution.

But the department contends that it is not necessary to rely upon Section 36 of Article VII to confer appellate jurisdiction on the district courts. Appellate jurisdiction is conferred on district courts, the department contends, by Section 7 of Article XVIII of the constitution adopted in 1936, which provides that "The Legislature may establish a system of economic security and social welfare, which may provide for * * * a system of unemployment compensation." As enacted this amendment also contained a clause declaring that "Any legislation adopted at the present session of the Legislature designed to provide for (a system of employment security) * * * is hereby ratified, reserving to the Legislature the right to alter or amend the same."

This constitutional grant of authority to the legislature, it is argued, authorizing and approving contemporaneously enacted legislation, which, with modifications not pertinent here, became the Louisiana Employment Security Law incorporating Section 1634 of Title 23 of the Revised Statutes, gave Section 1634 the dignity and force of a constitutional enactment. (See Act 97 of 1936 and Act 61 of 1936, A Joint Resolution). Thus, since Section 1634 acquired the dignity and force of a constitutional provision, and that section permits an appeal to the district court, Section 1634 supplies the authorization to appeal this case to the district court which is lacking in Section 36 of Article VII.

When Section 7 of Article XVIII authorized the legislature to establish a system of economic security and social welfare and provide for a system of unemployment

compensation, its objective was to permit legislation in a field of economic security and social welfare which was not believed to be permissible under existing constitutional authority. (See Section 22 of Act 97 of 1936). The ratification clause contained in Section 7, Article XVIII, was meant to legalize that basic concept in Act 97 of 1936 (La.R.S. 23:1471, et seq.), the implementing legislation enacted contemporaneously. Ratification did not give the implementing legislation the dignity of a constitutional amendment. It simply shielded the legislation from attack because of possible infirmities believed to be based on then existing constitutional impediments to such a system of economic security and social welfare. Any procedural aspect of the legislation, however, such as Section 1634 of Title 23, remained subject to other constitutional provisions specifically regulating those subjects. That is to say, Section 36 of Article VII was not modified in any respect by Section 7 of Article XVIII. Thus I would conclude that the district court cannot entertain this appeal.

I agree with the Chief Justice, however, that district courts are vested with original jurisdiction to hear and determine such matters under Section 35 of Article VII of the Constitution.

I respectfully dissent.