ON MOTION TO DISMISS APPEAL
MILLER, Judge.
Defendants-appellees, Ed Dauphin, Director, Division of Regulatory Codes and Permits, City of Lafayette, Louisiana, and City of Lafayette Board of Zoning Adjustment, moved to dismiss the appeal of plaintiff-appellant, The Magnum Corporation, on the ground that the appeal is not from a final judgment or from an interlocutory judgment causing irreparable injury. LSA-C.C.P. 2083. The Motion to Dismiss is denied.
Written reasons were assigned by the trial court on May 24, 1973, and a final judgment was read and signed in open court on June 11, 1973. On June 13, 1973, plaintiff petitioned for a devolutive appeal which was granted that same day. In his Petition for Appeal, plaintiff stated:
“Petitioner desires to appeal devolutively the final Judgment rendered in the above cause on the 24th day of May, 1973.”
Defendants-appellees alleged that the above statement means that plaintiff has- *416 appealed the court’s reasons for judgment and not the final judgment signed June 11th, and therefore plaintiff’s appeal must be dismissed. In support of their motion to dismiss, defendants-appellees cite Abramson v. Piazza, 198 So.2d 565 (La.App. 3 Cir. 1967).
In Abramson this court held that a final judgment was not signed. The Abramson case is distinguished on that basis.
Article 2083 of the Code of Civil Procedure provides that an appeal may be taken from a final judgment or from an interlocutory judgment which may cause irreparable injury. Defendants-appellees do not contend that there is no final judgment in this case, only that plaintiff has appealed from the Reasons for Judgment rendered May 24th, rather than from the final judgment signed June 11th. The fact that plaintiff inadvertently placed the date of the Reasons for Judgment rather than the date of the final judgment in its petition for appeal is immaterial.
The motion to dismiss the appeal is denied. Costs of this motion are assessed to defendants-appellees.
Motion denied.
Before FRUGÉ, SAVOY and MILLER, JJ-