293 So.2d 582 (1974)
The MAGNUM CORPORATION, Plaintiff-Appellant,
v.
Ed DAUPHIN, Director, Division of Regulatory Codes and Permits and City of Lafayette Board of Zoning Adjustment, Defendants-Appellees.
No. 4459.
Court of Appeal of Louisiana, Third Circuit.
April 17, 1974.
Rehearing Denied May 14, 1974.
Writ Refused June 21, 1974.
*583 Mouton & Beard by James E. Mouton, Lafayette, for plaintiff-appellant.
Ronald J. Judice, and Harmon F. Roy, Lafayette, for defendants-appellees.
Before HOOD, CULPEPPER and MILLER, JJ.
HOOD, Judge.
The Magnum Corporation instituted this action against Ed Dauphin, Director, Division of Regulatory Codes and Permits, City of Lafayette, Louisiana, and City of Lafayette Board of Zoning Adjustment. Plaintiff's primary demand is for a writ of mandamus ordering defendant Dauphin to certify that plaintiff's property has maintained a "non-conforming" status under the Comprehensive Zoning Ordinance of the City of Lafayette, and that its property thus may be used for business or commercial purposes. Alternatively, plaintiff prays that the district court issue a writ of certiorari to review a decision of the City of Lafayette Board of Zoning Adjustment, which determined that plaintiff's property has not maintained a non-conforming status under the above mentioned zoning ordinance, and it further prays, in effect, that the matter be tried de novo in the district court.
Answers were filed by the defendants, and after trial judgment was rendered by the trial court rejecting plaintiff's demand for a writ of mandamus, and denying its request for the issuance of a writ of certiorari. Plaintiff appealed.
Defendants moved to dismiss the appeal, and we denied that motion. See the Magnum Corporation v. Dauphin, 286 So.2d 415 (La.App. 3 Cir. 1973). The matter is before us now on appeal by plaintiff.
*584 The issue presented relates to the validity of a decision rendered by the City of Lafayette Board of Zoning Adjustment on February 27, 1973, determining that plaintiff's property, which was classified as "R-2" under the Comprehensive Zoning Ordinance of the City of Lafayette, had been vacant for more than six months and thus had lost its "non-conforming" status under that ordinance.
Plaintiff is the owner of property located at 304-310 General Mouton Avenue, in the City of Lafayette, Louisiana. It acquired that property from Joseph S. Petro, Jr., on March 8, 1973. Sometime prior to that date, a commercial establishment known as "The Peaceful Village" had been operated on those premises.
On March 30, 1971, the city of Lafayette adopted a Comprehensive Zoning Ordinance which classified the above mentioned property and the area around it as "R-2," and provided that property so classified could be used only for residential purposes. Section 1 of Article VII of that Comprehensive Zoning Ordinance provides, however, that:
"The lawful use of any building or land existing at the time of the enactment of this Ordinance may be continued although such use does not conform with the provisions of this Ordinance."
Section 8 of the same article of that ordinance contains the following provision:
"No building or portion thereof or land used in whole or part for non-conforming purposes according to the provisions of this Ordinance, which hereafter becomes and remains vacant for a continuous period of six calendar months shall again be used except in conformity with the regulations of the district in which such building or land is situated."
In January, 1973, Petro applied to defendant Dauphin for a "Certificate of Occupancy," certifying that plaintiff's property had maintained a non-conforming status and that the property thus could be used for commercial purposes pursuant to the provisions of the Comprehensive Zoning Ordinance of the City of Lafayette. It was necessary that the owner obtain such a certificate before he could acquire an occupational license from the City of Lafayette for the operation of a business at that location.
A routine investigation of the property was made after the above mentioned application was filed, and during the course of that investigation Dauphin received conflicting reports as to whether the property had been vacant for a period of more than six months. He entertained a serious doubt as to whether the property had been used for business purposes recently enough to allow it to continue to be used in that manner, so he referred the matter to the City of Lafayette Board of Zoning Adjustment, with the request that a hearing be held and that a decision be rendered by that board determining whether the property had maintained a non-conforming status and thus whether it could be used for commercial purposes consistent with the provisions of the Comprehensive Zoning Ordinance.
The Board of Zoning Adjustment held a public hearing pursuant to Dauphin's request on February 22, 1973. Petro and his counsel were present at that hearing, and they were given the opportunity of presenting evidence and of cross-examining the witnesses who testified.
Following that hearing, the Board of Zoning Adjustment rendered a decision on February 27, 1973, determining that the property had been vacant for more than six months, that it had lost its non-conforming status, that it could not be used for commerical purposes, and that the certificate of occupancy requested by Petro could not be issued. Dauphin thereupon refused to issue a certificate of occupancy certifying that the property had maintained its non-conforming status and could be used for commercial purposes. Petro sold the property to The Magnum Corporation on March 8, 1973.
*585 This suit was instituted by plaintiff, The Magnum Corporation, on March 13, 1973. Two separate petitions were filed by plaintiff. In the first it prays for a writ of mandamus ordering that Dauphin certify that the property has maintained its non-conforming status, and ordering that he issue occupational licenses to plaintiff for the conduct of a business on those premises. Plaintiff also prays in that petition that Section 8 of Article VII and Section 7 of Article IX of the Lafayette Comprehensive Zoning Ordinance be decreed to be unconstitutional. In its second petition, plaintiff prays that the district court issue a writ of certiorari, that it direct the "Zoning Board of Appeals" of the City of Lafayette to send to that court a certified copy of the proceedings in the case which it heard relating to plaintiff's property, and that the district court "allow the taking of testimony and the issuance of subpoenas in order to protect the constitutional rights of petitioner." We interpret the last part of the prayer in that petition as a demand that the case be tried de novo in the district court.
The suit was tried in the district court on April 2, 1973, there being present at that trial counsel for all parties. Seven witnesses testified, and all of them were cross-examined. The issues considered and determined by that court were whether plaintiff's property had been vacant for more than six months, and whether it thus had lost its non-conforming status under the Comprehensive Zoning Ordinance. We think the hearing constituted a trial de novo in the district court of the issues which previously had been tried and decided by the Board of Zoning Adjustment.
We have already noted that the trial court rejected all of plaintiff's demands.
On this appeal plaintiff does not question the factual findings of the Board of Zoning Adjustment and of the trial court that its property had been vacant and had not been used for business purposes for more than six months. Aside from the fact that plaintiff does not now contend otherwise, we find that the evidence produced at the trial in the district court establishes that the property was vacant for more than six months before Petro applied for a Certificate of Occupancy, and that it thus had lost its non-conforming status under the zoning ordinance. Plaintiff also does not attack the constitutionality of the zoning ordinance. In a written brief filed in this court counsel for plaintiff states "The constitutionality of the zoning ordinances are not in question." Plaintiff does contend, however, that the decision of the Board of Zoning Adjustment is void, because the law does not provide a method by which it can obtain a judicial review of that decision. It argues that the decision of the board and the judgment of the trial court have the effect of depriving plaintiff of its property or property rights without due process of law, as guaranteed by the Fourteenth Amendment of the Federal Constitution.
Plaintiff takes the position that the district court has no jurisdiction and no constitutional authority to review a decision of the Board of Zoning Adjustment. It points out that the Board of Zoning Adjustment is an administrative agency and not a court of record, that it has no power to issue subpoenas, that discovery procedures are not available to parties appearing before it, and that the board can arbitrarily exclude evidence and the cross-examination of witnesses. It argues that it has the right to have the decision of the Board of Zoning Adjustment judicially reviewed, that it has been deprived of that right since the district court has no jurisdiction to make such a review, that plaintiff thus has been denied due process of law, and that for that reason the decision of the board is void.
The Comprehensive Zoning Ordinance of the City of Lafayette was adopted pursuant to the provisions of LSA-R.S. *586 33:4721 et seq. The pertinent part of LSA-R.S. 33:4727 provides:
"Any person or persons jointly or severally aggrieved by any decision of the board of adjustment, or any officer, department, board, or bureau of the municipality, may present to the district court of the parish or city in which the property affected is located a petition, duly verified, setting forth that the decision is illegal, in whole or in part, specifying the grounds of the illegality. The petition shall be presented to the court within thirty days after the filing of the decision in the office of the board. Upon the presentation of such petition the court may allow a writ of certiorari directed to the board of adjustment to review the decision of the board of adjustment and shall prescribe therein the time within which a return may be made and served upon the relator's attorney, which shall be not less than ten days but which may be extended by the court ..." (Emphasis added).
Section 7 of Article IX of the Comprehensive Zoning Ordinance of the City of Lafayette provides:
"Any person or persons, or any officer, department, commission, board, bureau, or any other agency of the City of Lafayette jointly or severally aggrieved by any decision of the Board of Zoning Adjustment may present to the Fifteenth Judicial District Court of the Parish of Lafayette, within thirty (30) days after the filing of the decision in the office of the Board a writ of certiorari asking for such relief and under such rules and regulations as are provided for such matters in appropriate legislation of the State of Louisiana."
Plaintiff argues that the district court has no appellate jurisdiction except that which is specifically granted to it in Section 36, Article 7, of the Louisiana Constitution. It notes that that provision of the constitution does not grant to district courts appellate jurisdiction to review decisions by Boards of Zoning Adjustment created pursuant to LSA-R.S. 33:4721 et seq.
Section 2, Article 7 of the Louisiana Constitution, provides that each district judge throughout the state may issue writs of mandamus, certiorari and prohibition, and all other needful writs, orders and process "... in aid of their respective jurisdictions, original, appellate, or supervisory..." Plaintiff argues that this provision of the constitution grants supervisory powers to the district courts "only in aid of their appellate jurisdiction," and that since district courts have no appellate jurisdiction over decisions of Boards of Zoning Adjustment, they have no authority to grant writs of certiorari to review those decisions.
The record shows that the decision of the zoning board actually was reviewed by the district court. The case, in fact, was tried de novo and plaintiff had the right to subpoena witnesses, to introduce evidence and to cross-examine witnesses called by its opponents. Discovery procedures were available to plaintiff in the district court, and the court did not exclude evidence or limit the right of cross-examination. Plaintiff apparently concedes that it received a trial de novo in and a review of the zoning board decision by the district court. Its argument, as we understand it, however, is that it is immaterial whether the district court actually reviewed judicially the zoning board decision. It contends that despite the fact that the decision was reviewed judicially, that decision nevertheless is void, because the constitution and laws of Louisiana do not authorize a judicial review of those decisions, and plaintiff thus has been deprived of due process.
If plaintiff's argument should prevail, the result may be that all decisions of all Boards of Zoning Adjustment would be void, whether they by some means are actually judicially reviewed or not, simply because the constitution and laws of the state do not provide more specifically for judicial review of those decisions.
*587 We think the issues presented here were determined by our Supreme Court in Bowen v. Doyal, 259 La. 839, 253 So.2d 200 (1971). In that case Bowen was adversely affected by a decision of the "Board of Review of the Division of Employment Security," and he thereupon filed a petition in the district court for review of that decision. The district court dismissed the suit, holding that the petition for review filed by plaintiff was an appeal, and that Section 36 of Art. 7 of the constitution did not grant appellate jurisdiction to the district court in such matters. The Supreme Court reversed and remanded the case, holding that the petition filed by plaintiff in the district court was not a judicial appeal, but was the invocation of original jurisdiction of the district court, and that the district court had authority to review the decision of the administrative board.
The Bowen case involved the judicial review of decisions of the Board of Review of the Division of Employment Security. The procedure for reviewing those decisions is set out in LSA-R.S. 23:1634, the pertinent portion of which provides:
"... the administrator, or any party to these proceedings before the board of review, may obtain judicial review thereof by filing in the district court ... a petition for review of the decision ..."
There was no specific constitutional authority in that case for the district court to review the decision of the administrative board by appeal, by writs of certiorari or by any other procedure. The issue presented in Bowen, therefore, was almost identical to the issue presented here. The Supreme Court stated, however, that:
"Article 1, Section 6, of the Louisiana Constitution provides that the courts must be open to every person for adequate remedy by due process of law. We have held that although administrative bodies have power to determine as original propositions the matters assigned to them under statute, a party whose legal rights have been adversely affected by that determination may test its legal correctness in the courts..."

* * * * * *
"Thus, with the presumption that all administrative determinations are reviewable by the court and a conviction that judicial review may even be necessary in the face of legislative attempt to deny it, in the absence of constitutional restrictions we must not only favor but preserve the right of review ..."
* * * * * *
"This suit by Bowen for a review by the district court of the administrative determination was not a judicial appeal, but rather an invocation of original judicial jurisdiction ..."
* * * * * *
"Section 35 of Article 7 of the Constitution, which sets forth the original jurisdiction of the district courts, states in pertinent part that they `... shall have original jurisdiction in all civil matters regardless of the amount in dispute...'. The instant matter is a civil proceeding, and the district court is the `court of competent jurisdiction'. C. C.P. Art. 5251(4). In fact, the district court is the court of exclusive original jurisdiction under Constitution Article 7, Section 35."
In the earlier case of State v. Board of Zoning Adjustments, 251 La. 691, 206 So. 2d 74 (1968), the Supreme Court recognized the right of a party to obtain judicial review of a decision of a Board of Zoning Adjustment. The court indicated in that case, however, that the district court acts in an "appellate capacity" when it reviews decisions of such a board. The language used in that case thus appears to be somewhat inconsistent with that which it used later in Bowen, although in both cases it was recognized that the district court had jurisdiction to review the administrative board decisions. We agree with our brothers of the Court of Appeal, Fourth Circuit, *588 that the language used in the earlier case decided by the Supreme Court was dicta, and that the correct law is expressed by the same court in the Bowen case, supra. See River Oaks-Hyman Pl. H. Civ. A. v. City of New Orleans, 281 So.2d 293 (La. App. 4 Cir. 1973).
We recognize the fact that the constitution does not specifically grant appellate or supervisory jurisdiction to the district courts to review decisions of administrative boards, such as Boards of Zoning Adjustment. We also have considered the fact that neither the zoning ordinance nor the statute pursuant to which that ordinance was adopted provide for the filing of a suit in the district court to review a decision of the zoning board. LSA-R.S. 33:4727 provides only that an aggrieved person may file a petition in the district court, and that upon presentation of such petition the court "may allow a writ of certiorari ... to review the decision of the board of adjustment."
In view of the decision in Bowen v. Doyal, supra, however, we conclude that district courts have original jurisdiction, under the provision of Section 35 of Article 7 of the Constitution, to review the decisions of Boards of Zoning Adjustment created pursuant to the provisions of LSA-R.S. 33:4721 et seq. The district courts have original jurisdiction to review decisions of those boards, we think, despite the fact that LSA-R.S. 33:4727 authorizes only a review by the district courts by means of a writ of certiorari.
The constitution authorizes a district court to issue a writ of certiorari not only in aid of its "appellate" jurisdiction, but also in aid of its "original" jurisdiction. La.Const. Art. 7, Sec. 2. Since the district court has original jurisdiction to review decisions of Boards of Zoning Adjustment, there is nothing irregular about the provisions in the Lafayette Zoning Ordinance and in LSA-R.S. 33:4727 that an aggrieved party may apply to the district court for a writ of certiorari to review the decision of such a board. The district court may issue a writ of certiorari in aid of its original jurisdiction in that type case.
We believe that the alternate petition filed by plaintiff in the instant suit demanding that a writ of certiorari be issued and, in effect, that the case be tried de novo in that court, effectively invoked the original jurisdiction and authority of the district court to judicially review the issues which had been considered and determined by the zoning board. Answers to both of plaintiff's petitions were filed by the defendants, and after issue thus was joined the case came up regularly for trial, and it was tried de novo in the district court. We think the procedures in the district court, including the trial in and judgment rendered by that court, satisfied all of the constitutional rights which plaintiff had or may have to a judicial review of the zoning board decision.
The judgment rendered by the trial court in response to plaintiff's alternate petition decrees that "having shown no grounds for the issuance of a writ of certiorari, plaintiff's request for the issuance of same is also denied." Although no issue has been raised as to the form or wording of that decree, we consider it appropriate to observe that the judgment constitutes a judgment on the merits, rejecting plaintiff's demand that the decision of the zoning board be annulled and rejecting its demand that plaintiff's property be decreed to have maintained such a status that it can be used now for commercial purposes. The written reasons for judgment assigned by the trial judge, considered with the language used in the decree and the fact that a trial de novo was held on the merits, show that the district court fully reviewed the decision of the zoning board, and that the judgment rendered constituted a final determination of the case on its merits.
Since we have decided that the decision of the zoning board is valid, and that plaintiff thus is not entitled to the Certificate *589 of Occupancy which it demanded from defendant Dauphin, we affirm that part of the judgment of the trial court which rejects plaintiff's demand for a writ of mandamus directed against Dauphin. The evidence shows that plaintiff is not entitled to the occupational licenses which it seeks and that in any event defendant Dauphin has no authority to issue that type of license, so plaintiff's demand that Dauphin be ordered to issue occupational licenses to plaintiff was properly rejected by the trial court.
We have already noted that plaintiff has abandoned his demand that two sections of the Comprehensive Zoning Ordinance of the City of Lafayette be decreed to be unconstitutional.
Our ultimate conclusion is that the judgment of the trial court is correct and must be affirmed.
The judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.