BOUTALL, Judge,
with whom RED-MANN, Judge, joins (dissenting).
From an adverse decision of the Louisiana State Board of Medical Examiners refusing to grant him a license to practice medicine, Dr. Herbert Ray Evers sought judicial review of the Civil District Court for the Parish of Orleans asking the Court to reverse and set aside the decision of the Board and order the Board to issue petitioner a permanent license to practice medicine in Louisiana. Ancillary to that petition Dr. Evers prayed for a rule nisi to stay enforcement of the Board’s decision, and for the issuance of a preliminary injunction enjoining the Board from interfering with or in any way preventing petitioner from engaging in the practice of medicine pending final review of the Board’s decision. After a hearing on the rule nisi, the Court denied the stay order and refused to issue a preliminary injunction. Thereafter the Board filed a petition entitled “Reconventional Demand For a Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction” in which it sought the issuance of a rule nisi for a preliminary injunction “enjoining Dr. Evers from practicing medicine in the State of Louisiana during the pendency of this appeal”. It also sought a permanent injunction to the same effect in the event the administrative decision of the Board was affirmed.
To the Board’s rule nisi, Dr. Evers filed declinatory exceptions of improper venue and lack of jurisdiction over the person of defendant, and dilatory exception of improper cumulation of actions. On the hearing of the rule, the court overruled these exceptions and granted a preliminary injunction restraining Dr. Evers from practicing medicine in the State of Louisiana until the appeal pending is completed or until further orders of the Court. It is from this hearing and these judgments that this appeal is taken by Dr. Evers.
The majority opinion in this case reverses the judgments appealed from, and I respectfully dissent, being of the opinion that the rulings of the trial judge were correct. The appellant urges to us that an injunc-tive demand for relief by the Board is not permissible as a reconventional demand because his own rule nisi for a preliminary injunction had previously been dismissed, and because the Court, acting as an appellate court, has no authority to entertain the request of the Board or grant the relief sought. The majority opinion would limit the Court’s authority to stay execution of the Board’s decision only when sought by the person aggrieved by its decision. Additionally it points out that a reconventional demand will only lie in an original action and cannot be filed in an appellate proceeding. If the matter appealed from is considered as pertaining to the District Court’s adjudication of the matter under review on the merits, there would seem to be a better basis for that result. However the issue before us is on a rule nisi for a *40 writ of preliminary injunction and the scope of that writ is to enjoin only during the pendency of these proceedings until a final adjudication can be made. Whether the preliminary injunction be sought as an ancillary in a proceeding entitled “Recon-ventional Demand” or whether it be sought independently, I conclude that the District Court has the authority to entertain a proceeding for this preliminary relief.
First, the proceeding before the District Court, although labeled an appeal, is an exercise of judicial review, and differs in scope and authority from the ordinary appeal taken from trial courts to our appellate courts. I refer to the case of Bowen v. Doyal, 259 La. 839, 253 So.2d 200 (1971). In that case the Supreme Court considered at length the composition of the right of judicial review from administrative bodies and stated that the review by the District Court of the administrative determination was not a judicial appeal, but rather an invocation of original judicial jurisdiction. That Court held, at 253 So.2d 206, the following:
“We hold that when the district courts of this state review the determinations, rulings, and adjudications of administrative bodies, they exercise their exclusive original jurisdiction. * * * ”
Courts in Louisiana are constitutionally granted the power to issue such needful writs, orders and process in aid of the jurisdiction of the Court as may be necessary. Constitution of 1974, Article 5 §§ 1 and 2. See also Louisiana Constitution of 1921, Article 7 §§ 2, 3, 5, 81 and 83. This Constitutional grant of authority, I believe, is broad enough to permit the District Court in this case to consider the question of enjoining the applicant for a license from practicing medicine before the issuance of that license, during his appeal from denial of license.
Secondly, I am of the opinion that the statutory law grants such authority in this particular case. Louisiana has generally provided for the rules of administrative procedure in Chapter 13 of Title 49, Louisiana Revised Statutes. LRS 49:961 (A) provides that the provisions of this chapter concerning adjudication shall apply when the grant, denial or renewal of a license is required to be preceded by notice and opportunity for hearing. Section 964 provides generally for the judicial review of such an adjudication, and is the mode of procedure instituted in the District Court. There can be no question of the Board’s authority to seek in any competent court a writ of injunction by summary proceedings. LRS 37:1286. The question now becomes limited to the competency of the court a quo. The court has jurisdiction over the issuance of the license and the parties before it contesting the issuance. In addition to the constitutional authority above noted, in this case the answer lies in a consideration of LRS 37:1277 and LRS 49:961(B).
The record in this case shows that Dr. Evers was issued a temporary permit under the provisions of LRS 37:1277 (A) which provides that such a temporary permit shall not continue in force longer than until the next regular meeting of the Board. It further appears that Dr. Evers was denied his application for a permanent license based in part upon his activities after the next regular Board meeting. When we refer to the administrative procedure laws, we note LRS 49:961(B) which states as follows:
“B. When a licensee has made timely and sufficient application for the renewal of a license or a new license with reference to any activity of a continuing nature, the existing license shall not expire until the application has been finally determined by the agency, and, in case the application is denied or the terms of the new license limited, until the last day for seeking review of the agency order *41 or a later date fixed by order of the reviewing court.”
I view this section to mean that the reviewing District Court has authority to determine the effective date for the expiration of the temporary license to practice, and in connection therewith, either prohibit the applicant to continue practice, or to permit him to continue practice during the pendency of the review proceedings. This provision of the law differs from the provisions of LRS 49:964(C), which provides for a stay of enforcement of the agency decision. It should be noted that the decision of the agency or Board in this case was simply that the Board “refuses to issue a license to practice medicine in the State of Louisiana to Dr. Herbert Ray Ev-ers, M.D.” From such a decision, a stay of enforcement is in effect of no practical value, for there is nothing to stay. On the other hand, the determination of the effective date of the expiration of the temporary license permits the applicant to continue to practice or not.
For the reasons above stated I am of the opinion that the District Court did have authority to consider the Board’s application for a preliminary injunction, and there seems to be no defense offered to the basis upon which it was rendered. The appellant herein in fact relies upon the correctness of his exceptions. The above reasons are dispositive of his exception of improper cumulation of actions, and there remains to be considered the exceptions of venue and lack of jurisdiction over the person. The crux of this exception is that Dr. Evers is asserted to be a resident or domiciliary of Plaquemines Parish and the proceedings appealed from take place in the Civil District Court for the Parish of Orleans. The administrative procedural law requires a person seeking review of an administrative decision to present his petition to the District Court in which the administrative agency is located. The Board of Medical Examiners is domiciled in the Parish of Orleans. A proceeding for injunction brought under the provisions of LRS 37:1286 is required to be brought in the parish of domicile generally, under the ordinary rules of venue. However, the Civil District Court for the Parish of Orleans is the proper court to entertain the petition for review, and as discussed above, this rule nisi for an injunction pen-dente lite is an ancillary to those proceedings and is in aid of the court’s jurisdiction. For these reasons, the ordinary rule of venue does not apply and the reviewing court properly exercises authority over the petitioner for judicial review for matters pertaining thereto.
Accordingly, I would affirm the judgment appealed from and I respectfully dissent.