444 So.2d 186 (1983)
Cornell B. GRIFFIN
v.
CITY OF BATON ROUGE, et al.
No. 83 CA 0252.
Court of Appeal of Louisiana, First Circuit.
December 22, 1983.
*187 Raymond L. Simmons, Baton Rouge, for plaintiff-appellant Cornell B. Griffin.
A. Foster Sanders, III, Baton Rouge, for defendants-appellees City of Baton Rouge, Parish of East Baton Rouge, Baton Rouge Civil Service Bd. (City Parish Personnel Bd.), City Parish Dept. of Public Works.
Before SHORTESS, LANIER and CRAIN, JJ.
SHORTESS, Judge.
Cornell B. Griffin (plaintiff) was terminated from his position as a refuse worker in the City-Parish of East Baton Rouge Department of Public Works. He appealed his dismissal to the City-Parish Personnel Board, and the Board sustained the action of the appointing authority.[1] He then filed a petition for reinstatement in the Nineteenth Judicial District Court requesting relief under La.R.S. 33:2501. The trial judge dismissed plaintiff's suit stating in the judgment that:
"R.S. 33:2501 provides the jurisdiction of appeals to the District Court for paid fire and police department personnel from decisions of a municipal fire and police civil service board. Mr. Griffin was not employed as a fireman or policeman, therefore, this Court has no jurisdiction to hear this appeal."
Plaintiff says that the trial court erred in holding that it did not have jurisdiction to hear the case.
The right to judicial review of administrative proceedings is well established in Louisiana and is an important safeguard of due process. Parker v. Board of Barber Examiners, 84 So.2d 80 (La.App. 1st Cir.1955). The right to judicial review is a constitutional right and exists even in the absence of statutory authority. La. Const. of 1974, art. I, § 22; Bowen v. Doyal, 259 La. 839, 253 So.2d 200 (1971); Anderson v. State, 363 So.2d 728 (La.App. 2nd Cir.1978), writ denied, 364 So.2d 600 (La.1978); Werner v. Bd. of Trustees of New Orleans Police, Etc., 360 So.2d 615 (La.App. 4th Cir.1978).
In Tanner v. City of Baton Rouge, 422 So.2d 1263 (La.App. 1st Cir.1982), writ denied, 429 So.2d 128 (La.1983), this court stated that the district court had jurisdiction to review actions taken by the City-Parish Personnel Board. Thus, the trial court in the instant case had jurisdiction to hear plaintiff's case.
The record contains a letter from Ben Jeffers, Personnel Administrator, which states, "[p]lease be advised that a large part of the cassette tape was unintelligible and could not be adequately transcribed." The inadequacy of the record makes a proper review impossible. In view of this fact, we remand this case to the City-Parish Personnel Board with instructions to either prepare a complete transcript for the district court to review or hold a second hearing so that an adequate record can be made. Cochran v. City of Baton Rouge, 399 So.2d 656 (La.App. 1st *188 Cir.1981). Costs of this appeal are taxed to the City of Baton Rouge.
REVERSED AND REMANDED.
NOTES
[1] The City-Parish Personnel Board is composed of three members. One of the Board members was absent. One favored suspension, and the other, who was Chairman, favored termination. The Department's action was affirmed on a one-one vote. We express no opinion as to the validity of this vote at this time.