HALL, Justice,
dissenting.
I respectfully dissent.
Bowen v. Doyal, 259 La. 839, 253 So.2d 200 (1971) correctly held that a court’s review of an administrative determination is not an appeal; it is an original judicial action. Judicial review of administrative determinations should not be confused with judicial appeals. When district courts review the determinations, rulings and adjudications of administrative bodies, they exercise their original jurisdiction.
“Appellate jurisdiction” as used in La. Const. Article V, § 10, relative to the courts of appeal, and Article V, § 16 relative to the district courts, refers to appellate review by one court of the decision of another court, not to judicial review of the decision of an executive department administrative agency.
The filing of a petition for judicial review of the decision of an executive department administrative agency is the institution of a “civil matter” of which the district court has original jurisdiction under the express provisions of the constitution. The legislature does not have the power to legislate contrary to the constitutional provision so as to vest original jurisdiction of such civil matters in the courts of appeal.
The 1974 Constitution did not change the sound principles upon which Bowen v. Doyal was decided. District courts had limited appellate jurisdiction over decisions of lower courts under the 1921 Constitution. While the 1974 Constitution broadened the authority of the legislature to regulate the district court’s appellate jurisdiction over lower courts, there is nothing to indicate that it was intended that the legislature be given authority to regulate the original jurisdiction of the district courts. As stated, review of administrative decisions is original jurisdiction.
As noted in the majority opinion, this court’s original opinion in Loop, Inc. v. Collector of Revenue, 523 So.2d 201 (La. 1987) concluded that a court’s review of an administrative action is considered functionally as an exercise of its appellate review jurisdiction. However, the original opinion, a. four-three decision, was set aside when rehearing was granted and an opinion was rendered on rehearing reaching a contrary result in the case.
The majority opinion correctly concludes that “DEQ determinations are not civil matters within the meaning of La. Const. Article V, § 16(A),” and “are therefore not within the scope of the district courts’ grant of original jurisdiction.” A “civil matter” exists when the judicial process, as distinguished from the administrative process, is invoked. District courts have origi *376 nal jurisdiction of all such matters, unless otherwise provided in the constitution. Courts of appeal have appellate jurisdiction of all such matters decided by lower courts, unless otherwise provided in the constitution.
I would affirm the judgment of the court of appeal holding LSA-R.S. 30:2024 unconstitutional insofar as it provides for an appeal from a final decision or order of the commission to the Court of Appeal, First Circuit, with the effect of placing original jurisdiction of judicial review of such decisions or orders in the district court of the domicile of the commission.