McDONALD, J.,
dissenting:
|tI am confounded by the majority opinion and cannot reconcile it with my understanding of the law. It is true that in Albert v. Parish of Rapides, 256 La. 566, 237 So.2d 380 (La.1970), the supreme court held that the district court lacked jurisdiction to review a decision of the Rapides Parish Fire Civil Service Board pursuant to La. R.S. 33:2561. The court found that the district court could not hear the appeal because such an appeal is not included in the specific categories designated in Article 7, Section 36 of the Constitution of 1921. However, that case was overruled by Bowen v. Doyal, 259 La. 839, 253 So.2d 200 (La.1971).
In Bowen, the court found that the constitutional grant of access to the courts required that the courts must be open to every person for adequate remedy by due process of law. It noted that:
[Generally, the availability of judicial review of administrative hearings is necessary to the validity of such proceedings under our legal system and our traditions. Even in the face of statutory attempts to preclude review of administrative proceedings the United States Supreme Court has determined judicial review to be essential. Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946); Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953); Oestereich v. Selective Service System Local Board No. 11, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968). Moreover, that court appears to act under a presumption of reviewability which yields only to affirmative legislative intent in favor of unreviewability when such intent is based upon reasonable grounds or to special reason for unreviewability because of the peculiar *1081 subject matter or 12circumstances. (citations omitted).... Thus, with the presumption that all administrative determinations are reviewable by the court and a conviction that judicial review may even be necessary in the face of legislative attempt to deny it, in the absence of constitutional restrictions we must not only favor but preserve the right of review.
This presumption of the constitutional right to judicial review of decisions of administrative bodies has consistently been recognized in Louisiana law. See Loop, Inc. v. Collector of Revenue, State of Louisiana, 523 So.2d 201 (La.1987), rehearing granted, 10/15/87, on rehearing, 4/11/88, and cases cited therein; Wooley v. State Farm Fire and Casualty Insurance Co., 04-0882 (La.1/19/05), 893 So.2d 746. Moreover, the problem of a legislative grant of appellate jurisdiction to the district courts that was the basis for the Albert decision no longer exists since the enactment of the 1974 Constitution, which specifically provides for a legislative grant of appellate jurisdiction to district courts. La. Const, of 1974, Art. V § 16(B).
The majority’s conclusion that LSA-R.S. 33:2561 E does not grant the right of an appeal to the district court, in my opinion, is unsupported by any rule of statutory construction, without even considering the jurisprudence that demands a contrary result, or the constitutional issue. I am reminded, however, of Justice Tate’s jurisprudential observation when considering whether, and finding, that the district court had the authority to issue an injunction pending judicial review of an action by the Public Service Commission in a non-rate case. “This fundamental attribute of a government of law (rather than of the possible whim of administrative officials) should not, it seems to us, be deemed negated by an ambiguous provision as to a particular narrow issue, at least in the absence of express wording requiring such construction.” Central Louisiana Telephone Co., Inc. v. La. Public Service Commission, 262 La. 819, 827, 264 So.2d 905, 908 (La.1972). Any ambiguity in the statute under consideration should thus be resolved in favor of judicial review and not against it. There is no ambiguity in the legislature’s intention to provide a right of review.
| sIt is true that the statute states that the record be filed with “the designated court.” However, I do not think that the fact that the legislature did not specifically identify “the designated court” means there is no statutory authority for the district court to review the matter. Obviously, the purpose of the statute is to establish the right of an appeal. I do not think it is beyond the capabilities or function of the judiciary to interpret the statute so as to give effect to the legislative intent.
Title 33 of the revised statutes deals with municipalities and parishes. It creates numerous districts, e.g. water and sewerage districts, boards and commissions. Title 33, chapter 4 provides for Fire and Police Departments. Title 33, chapter 5 provides for Civil Service. Part I of chapter 5 applies to civil service for cities of over 100,000 population; Part II applies to fire and police civil service law for municipalities between 13,000 and 250,-000; Part III applies to fire and police civil service for small municipalities and for parishes and fire protection districts.
The legislature puts forward, in some detail, how these boards and commissions will operate and what functions they are to perform. These include provisions regarding establishment and maintenance of employment lists, promotional testing, reinstatement and reemployment rights, to name a few. One legislative purpose is to *1082 protect government employees from discriminatory and prejudicial actions in the workplace for reasons other than the capacity and fitness to hold the position. This legislative purpose is applicable to all pei’sons serving in fire and police departments. Both individuals and the appointing authorities have the right to appeal decisions of the Boards in Parts I and II. I do not think the legislature intended, nor would any governmental purpose be served, by creating different substantive rights dependant on the size of the community in which one lives.
|4In addition to the statutory right of judicial review by the district court, and appeal of the district court decision to this court, I believe Mr. Meiners has a constitutional right of appeal. I do not find the analysis put forth in McGehee v. City/Parish of East Baton Rouge, 00-1058 (La.App. 1 Cir. 9/12/01), 809 So.2d 258 persuasive. Neither would I rely on St. Romain v. State, 03-0291 (La.App. 1 Cir. 11/12/03), 863 So.2d 577, because the possession of a property right of a probational employee is not dispositive here. It is fundamental to our constitutional guarantees “that every person shall have an adequate remedy in the courts and shall be entitled to judicial protection against unlawful acts.” Central La. Tel. Co., supra. My reading of the facts and law presented in this case indicates that the statute applicable to reemployment of classified employees, LSA-R.S. 33:2550 D, was not followed here.
The constitutional right of individuals of access to the courts, provided in Art. 1, § 22 is clearly implicated in this case, and the jurisprudence as cited in Bowen, supra requires judicial review. I recognize that the constitutional guarantee of access to courts and a remedy for injuries does not warrant a remedy for every single injury, as stated by the supreme court in Whitnell v. Silverman, 95-0112 (La.12/6/96), 686 So.2d 23, 31. In Whitnell, the supreme court went on to note that it was not the intent of the Constitutional Convention to limit the legislature’s ability to restrict causes of action or to bar the legislature from creating various areas of statutory immunity from suit. Similarly, the legislature may establish statutes of limitations, which “essentially makes a legislative determination that after a certain period of time, no cause of action can arise.” Id. However, the cause of action available to persons aggrieved by a decision of fire and police civil service boards has been legislatively established here, not restricted.
|BIt is also well-established that the constitutional guarantee of access to the courts is not limited to deprivations of fundamental constitutional rights only. See State in Interest of A.C., 93-1125 (La.1/27/94), 643 So.2d 719, for an extensive discussion of constitutional law, and especially separation of powers and inherent powers of the judiciary. The supreme court states that “Traditionally, ‘it has long been recognized that due process necessitates ... that all persons are entitled to their ‘day in court,’ ’ ” citing Billman v. Summit, 464 So.2d 382, 384 (La.App. 1 Cir.1985), and notes that this “guarantee of access to the courts is in reality a guarantee of due process.” State in Interest of A.C., 643 So.2d at 728.
This court has consistently affirmed that a “party to an administrative proceeding has a constitutional right of access to the judicial branch of state government. La. Const, of 1974, art. I §§ 2 and 22. This right exists without statutory authority.” P & G Retailers, Inc. v. Wright, 590 So.2d 1272, 1277 (La.App. 1 Cir.1991), citing Tanner v. City of Baton Rouge, 422 So.2d 1263 (La.App. 1 Cir.1982), unit denied, 429 So.2d 128 (La.1983). I find it untenable, therefore, that this opinion proposes to do just that. I believe the law establishes *1083 that Mr. Meiners has a constitutional and statutory right to judicial review. Therefore, I respectfully dissent.