GUIDRY, Judge.
Plaintiff, Emile J. Rogers, appeals from a judgment of the Fourteenth Judicial District Court upholding a decision of The Municipal Fire and Police Civil Service Board, Sulphur, Louisiana, affirming his dismissal as Fire Captain with the Sulphur Fire Department.
Our appellate review of this case is limited, by the provisions of LSA-R.S. 33:2501, to a determination of whether the decision made by the board was made in good faith for cause.
The trial court, after a complete review of the record, concluded in well written reasons that appellant’s dismissal was in good faith and for cause. We agree and are pleased to adopt as our own the written reasons of the learned trial judge:
“The circumstances surrounding the termination of the employment of Rogers arises out of an incident occurring June 23, 1975, wherein Rogers participated in fighting a fire at Honeycutt Furniture *13 Company store at 1400 East Napoleon Street in Sulphur. Rogers’ dismissal occurred on July 2, 1975 by a letter signed by Paul Frederick, Chief of the Fire Department and Adias Saunier, Mayor of Sulphur, and Mr. J. K. Bredehoeft, Chairman of the Civil Service Board.
A hearing was requested and granted wherein several witnesses were called by the attorneys representing Rogers and the City of Sulphur. At the close of the evidence and argument of counsel, the board members reviewed the testimony of the witnesses and stated that ‘the testimony from disinterested witnesses was conclusive that Mr. Rogers had vented the fire at Honeycutt Furniture store before having his fire hose charged.’ The board concluded that by breaking the door of the building before he had charged his fire hose and before he was ready to fight the fire showed incompetency and dereliction of duty as an officer in charge of fighting said fire. The board also said that this constituted an unwillingness or a failure to perform the duties of his position in a satisfactory manner, and also, the deliberate omission of an act that it was his duty to perform.
Under the provisions of LSA-R.S. 33:2501, an appeal from the ruling of the Civil Service Board lies with the District Court and ‘this hearing shall be confined to the determination of whether the decision made by the board was made in good faith for cause under the provisions of this part. No appeal to the court shall be taken except upon these grounds.’ Under this provision the issue before this court must be confined to the question of whether the action taken against the employee was made in good faith for cause.
I have reviewed the record of the testimony of the witnesses that were called by both sides. Without reiterating the details of each particular witness, the board had before it creditable testimony that Rogers, along with another fireman, responded to a call that a fire existed at the Honeycutt Furniture Company store on June 23, 1975. Upon arriving at the fire with their fire truck, Rogers, as the officer in charge, immediately left the truck and broke the glass panel of the door allowing the input of oxygen into a fire that had been smoldering on a couch located in this furniture store. The door was broken before the hose was unrolled and charged, or the water turned on the hose. After Rogers broke the panel out of the door he went back to the truck where he and the other firemen were then beginning to assemble the proper hose equipment for the purpose of attempting to extinguish the fire. By the time the hose was unrolled and partially assembled for usage, a large plate glass window broke or was forced out of the building, furnishing further air to the smoldering fire. The furniture store immediately then became engulfed in flames causing a total loss of the building and its contents. When the window broke out of the face of the store, Rogers then reeled up the hose that he was attempting to get from the fire truck and moved the fire truck in order to tie into a fire hydrant at another location. By the time the fire hydrant connection was made, the building was a total loss and burned completely down. It was clearly established that to vent a fire before having the water hose charged and ready for use was a violation of one of the basic principals of fire fighting, which was known to Rogers, a man of nine years experience.
There was conflicting evidence on the facts. The board heard these witnesses, however, and considered the credibility of the witnesses. In view of the testimony that was presented, this court concludes that the action taken by the board against Rogers was made in good faith and for cause. The court is not allowed to substitute its judgment for the board in matters in which the board has acted in good faith and for cause as stated in the statute.. To say it another way, the findings of the board are final and the actions of the board are final as long as they were made in good faith and for cause.
*14 These requirements having been met, the decision by the board is affirmed. . ."
For the above and foregoing reasons, the judgment of the district court is affirmed at appellant’s cost.
AFFIRMED.