ELLIS, Judge:
This is a suit by Statesman National Life Insurance Company for review of an order of the Commissioner of Insurance which allows American Allied Life Insurance Company to change its name to Statesman Life Insurance Company. From an adverse judgment in the trial court, plaintiff has appealed.
American Allied is part of a holding company known as the Statesman Group, Inc., which controls a number of relatively small insurance companies which operate in a number of states. American Allied presently operates in eleven states, including Louisiana, where it has been authorized to do business for a number of years. It writes life, health and accident insurance. Another member of the Statesman Group which has been operating in Louisiana is Statesman Insurance Company, which writes casualty insurance. The change of name was requested by 'American Allied in order to achieve identity with its group, and in order to utilize the facilities and personnel of the Statesman Insurance Company to sell its insurance.
*942 Statesman National Life Insurance Company, plaintiff herein, is a Texas based company, selling life, health and accident insurance. It is presently licensed in Louisiana, Arizona, New Mexico and Alaska, and has been licensed and operating in Louisiana since 1972. It relies heavily on the name Statesman for its identity, and, at the time of the Commissioner’s ruling, was the only life insurance company in Louisiana using that name. It markets its insurance, generally, by advertising through the news media and by direct mail.
On May 12, 1976, American Allied wrote the Commissioner of Insurance, inquiring if the name “Statesman Life Insurance Company” was then registered or reserved in Louisiana, and was advised that the name was available for use, and was reserved for the use of American Allied for a 30-day period. On May 26, 1976, Statesman National wrote the Commissioner to register its objection on the ground that there would be substantial confusion with its name. The Commissioner replied as follows:
“Acknowledgement is made of your letter of May 26, 1976.
“We will call a hearing, but you will have to follow our rules of procedure. I will be happy to send you a copy of the rules of procedure upon receipt of your $13.00 check.
“Under our Juris Prudience (sic) the National in your name is distinguishable. Because of this we reserved the name Statesman Life Insurance Company on May 19, 1976 for use by American Allied Life Insurance Company.”
A hearing was held before Richard E. Britson, Deputy Commissioner of Insurance, on August 24, 1976. The Commissioner eventually found that the word “National” in the plaintiff’s name distinguished it from Statesman Life Insurance Company, and approved the name change requested by American Allied.
Statesman National then petitioned the 19th Judicial District Court for review of the Commissioner’s order. The district court found no abuse of discretion on the part of the Commissioner, and dismissed plaintiff’s suit. This appeal followed.
There are two specifications of error. First, plaintiff complains that the trial judge used the wrong standard of review, and, second, that he erred in not finding that the two names involved here are deceptively similar.
R.S. 22:1360 et seq. provide the procedure to be followed in seeking review of an order of the Commissioner. R.S. 22:1363 provides:
“The court shall give precedence to and may summarily hear and determine the case. The court shall hear the case upon the transcript of the record of the commissioner of insurance’s hearing and on such additional proper evidence as may be offered by any party. After considering the evidence the court may affirm, modify or set aside the order. Costs shall be awarded as in civil cases.”
R.S. 49:964, under Administrative Procedures, provides, in part, as follows:
“A. A person who is aggrieved by a final decision or order in an adjudication proceeding is entitled to judicial review under this Chapter whether or not he has applied to the agency for rehearing, without limiting, however, utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law. A preliminary, procedural, or intermediate agency action or ruling is ■ immediately reviewable if review of the final agency decision would not provide an adequate remedy and would inflict irreparable injury.”
“G. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
“(1) In violation of constitutional or statutory provisions;
“(2) In excess of the statutory authority of the agency;
“(3) Made upon unlawful procedure;
*943 “(4) Affected by other error of law; “(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or “(6) Manifestly erroneous ■ in view of the reliable, probative, and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge of the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency’s determination of credibility issues.”
Plaintiff argues that, under the provisions of R.S. 22:1363, it was entitled to a trial de novo, and the trial judge should have considered the question without reference to the decision of the Commissioner.
We cannot agree. R.S. 22:1363 suggests no standard for review, and we must refer to R.S. 49:964(G). Since there are no factual questions involved in the case, manifest error is not an appropriate standard. We find that the applicable standard is that dictated by subsection (5), supra. Since the trial judge used “abuse of discretion” as his standard of review, he made no error.
Under R.S. 22:988, the Commissioner has the power to issue an amended certificate of authority to a foreign insurer doing business in this state which wishes to change its name, provided the conditions of R.S. 22:983 are complied with. That statute states, in Section A thereof:
“A. After the requirements of R.S. 22:982 have been completed and before a certificate of authority is issued by the commissioner of insurance, a foreign or alien insurer shall satisfy the commissioner of insurance that:
“(1) Its name is not the same as, or deceptively similar to the name of any other insurer already authorized to transact business in this state; . . . ”
In the only appellate case in this state involving this question, Continental Ins. Co. v. Martin, 213 La. 147, 34 So.2d 405 (1948), the Supreme Court considered not only the names of the corporations involved, but also the likelihood of there being deception of the public as a result of the use of similar names. It concluded that the names Continental Fire and Casualty Insurance Corporation and Continental Insurance Company were not deceptively similar, although both companies sold the same kind of insurance. It considered the fact that fire and casualty insurance was, at that time, generally sold by independent agents, and the name of the company with whom the insurance was placed was not important to the public.
In this case, it would be unrealistic to deny the similarity of the names “Statesman Life Insurance Company” and “Statesman National Life Insurance Company”. Both of the companies acknowledge the importance of the name “Statesman” to their selling campaigns. Both of them plan to emphasize the name in their advertising. Both companies sell the same types of insurance, and therefore, will be competing in the same market.
We think it obvious that the above circumstances are such that it is likely that the public would be confused and deceived by the similarity of the names. We therefore find that the name “Statesman Life Insurance Company” is deceptively similar to the name “Statesman National Life Insurance Company”, and that the name change requested by American Allied should not be allowed. In finding otherwise, the Commissioner abused his discretion.
The judgment appealed from is therefore reversed and set aside, and there will be judgment herein in favor of plaintiff overruling the order of the Commissioner of Insurance dated November 24, 1976, and holding that the name Statesman Life Insurance Company is not available for use by American Allied Life Insurance Company. All costs shall be paid by American Allied Life Insurance Company.
REVERSED AND RENDERED.