FORET, Judge.
Plaintiffs, Tanner A. Messina and Patricia Rabalais, were removed as members of the Rapides Parish Housing Authority by the Rapides Parish Police Jury after a hearing held on April 24, 1978. They “appealed” this action to the Ninth Judicial District Court which granted judgment in their favor, reinstating them in their positions. From such adverse decision the Police Jury has perfected this appeal. We reverse.
The facts of this case are basically undisputed. Tanner A. Messina and Patricia Ra-balais were members of Rapides Parish Housing Authority Board of Commissioners during the latter part of 1977 and the first part of 1978. At this time, the Housing Authority had several “Manpower” (also known as CETA) employees working for it under a Federal program intended to aid the unemployed by providing funds for their hiring by local governmental units on a temporary basis, with the proviso that *746 such employees be given consideration for permanent employment, if and when permanent employment became available.
In December of 1977, a permanent position for a secretary at the Housing Authority came up and Chris Flynn, a CETA employee at the Housing Authority whose term of employment had been specifically extended so that she could remain at the Housing Authority and be considered for the job, filed an application for the position. Freeman Eckert, the Executive Director of the Housing Authority, recommended Flynn for the position; however, the Board instead selected another (non-CETA) person for the job, apparently without considering Flynn.[1]
The December, 1977 meeting of the Board is important to an understanding of the present controversy. At that meeting, Eckert read a letter to the Board from the Rapides Parish Manpower Office setting forth the criteria for appointment of CETA employees by the Housing Authority, noting particularly the policy that such employees must be given consideration when a permanent position comes open.[2]
Shortly after this meeting, because of the lack of consideration afforded Flynn, Terry Bounds, Director of the Rapides Parish Police Jury Manpower Office, threatened to pull all CETA employees out of the Housing Authority, but decided against doing so at that time.[3]
In March, 1978, the same secretarial position came open again and Glenda Jenkins, a CETA employee in the Housing Authority Office, applied for it. At the regular Board meeting on March 20, 1978, after her hiring was recommended by Eckert, her application was immediately tabled. Eckert again reminded the Board of the Manpower policy regarding consideration of CETA employees.[4]
Shortly after this, Freeman Eckert resigned his position; Messina called Terry Bounds and told him that the Housing Authority was not going to hire Jenkins.[5] Bounds pulled all Manpower employees out of the Housing Authority Office as he saw “no future for them there”.[6]
The Board held “emergency” meetings on March 27 and March 28, 1978. Despite the prior tabling of Jenkins’ application until the “next meeting”, her application was not considered at either of these subsequent meetings.[7]
At a special meeting of the Rapides Parish Police Jury on April 11, 1978, Tanner Messina, Patricia Rabalais, M. W. Skipper, and Alex Lloyd (all Board members) were officially charged with neglect of duty and misconduct in office for refusing to give consideration for permanent employment to CETA employees. A formal hearing was held on April 24, 1978, after which Messina, Rabalais and Lloyd were removed from the Housing Authority Board.
Messina and Rabalais “appealed” the decision of the Board to the Ninth Judicial District Court. A first hearing, limited to the pleadings and the transcript of the April 24, 1978 hearing before the Police Jury, resulted in a judgment for the plaintiffs. A new trial was granted for the purpose of hearing oral argument; the pri- or judgment was reaffirmed. From such judgment, the Rapides Parish Police Jury has appealed.
The Rapides Parish Housing Authority was created under the provisions of La.R.S. 40:381 et seq. (Housing Authority Law). The plaintiffs were appointed commissioners of the Authority by the Police Jury *747 under La.R.S. 40:401.[8] In removing them, the Police Jury acted under La.R.S. 40:498:
§ 498. Removal of commissioners
The mayor of a municipality or the governing body of a parish as the case may be, may remove any commissioner appointed by him or it for the following causes and in either of the following ways:
(1) The mayor or the parish governing body may file written charges, charging the commissioner with inefficiency, neglect of duty, or misconduct in office. The commissioner charged shall be given a copy of the charges against him at least ten days prior to the hearing thereon. He shall have an opportunity to be heard in person or by counsel at this hearing.
(2) Any obligee of the authority may file with the mayor or the parish governing body written charges that the authority is wilfully violating any law of the state or any provision in any of its contracts with or for the benefit of the obli-gee. Notice of these charges shall be given and a hearing had thereon. If, after this hearing and within fifteen days after the filing of the charges by the obligee, a commissioner, after having been given notice and an opportunity to be heard, is found to have acquiesced in a wilful violation by the authority of a law of this state or of any provision of a contract to which the authority was party, the mayor or the parish governing body, as the case may be, may remove the commissioner.
Any commissioner who filed a written statement with the authority, before the charges by the obligee against the authority were filed with the mayor, setting forth his objections to or lack of participation in the action constituting the violation is not subject to removal under the provisions of this paragraph. When a commissioner is removed in either of the above ways, the mayor shall file in the office of the city clerk or of the presiding officer of the parish governing body, as the casé may be, a record of the proceedings, including the charges made against the commissioner and the findings thereon.
It is not seriously disputed that procedurally the Police Jury complied with the law. The plaintiffs were notified of the charges against them by letter dated April 12,1978 from the Rapides Parish District Attorney.[9] *748 The formal hearing was conducted on April 24, 1978; the plaintiffs • appeared and were represented by counsel. After the hearing, as previously noted, the Police Jury voted to dismiss three members of the Board.[10] Messina and Rabalais filed suit in the Ninth Judicial District Court seeking reinstatement.[11]
While La.R.S. 40:498 provides the method for the removal of a commissioner, nowhere in the Housing Authority’s law is there set forth the procedure for appeal of such removal. The Louisiana Constitution of 1974 provides in Article 5, Section 16:
§ 16. District Courts; Jurisdiction
Section 16. (A) Original Jurisdiction. Except as otherwise authorized by this constitution, a district court shall have original jurisdiction of all civil and criminal matters. It shall have exclusive original jurisdiction of felony cases and of cases involving title to immovable property; the right to office or other public position; civil or political rights; probate and succession matters; the state, a political corporation, or political subdivisions, or a succession, as a defendant; and the appointment of receivers or liquidators for corporations or partnerships.
(B) Appellate Jurisdiction. A district court shall have appellate jurisdiction as provided by law.
Additionally, Article 1, Section 22 provides that:
§ 22. Access to Courts
Section 22. All courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights.
We thus find, as did the district court, that the courts of the State are competent to hear plaintiff’s suit. Gertler v. City of New Orleans, 346 So.2d 228 (La.App. 4 Cir. 1977); Bowen v. Doyal, 259 La. 839, 253 So.2d 200 (1971); River Oaks-Hyman Place Homeowners Civic Association v. City of New Orleans, 281 So.2d 293 (La.App. 4 Cir. 1973).
The next question that arises is what standard the court should apply when reviewing the Police Jury’s decision. As there is no statutory authority or prior adjudication of this issue, we look to similar situations involving governmental, administrative, or quasi-administrative bodies.
In Rogers v. Municipal Fire & Police Civil Service Board, 357 So.2d 12 (La.App. 3 Cir. 1978), plaintiff was dismissed as a fire captain. On appeal of an adverse decision by the Civil Service Board, this Court stated:
“Under the provisions of LSA — R.S. 33:2501, an appeal from the ruling of the Civil Service Board lies with the District Court and ‘this hearing shall be confined to the determination of whether the decision made by the board was made in good faith for cause under the provisions of this part. No appeal to the court shall be taken except upon these grounds.’ Under this provision the issue before this court must be confined to the question of whether the action taken against the employee was made in good faith for cause.” See also Buras v. Board of Trustees of Police Pension Fund of the City of New Orleans, 360 So.2d 572 (La.App. 4 Cir. 1978).
In reviewing dismissals of tenured school teachers, the Courts have consistently held that review of a decision of a school board is limited to a “determination of whether the action of the school board was (1) in accordance with the authority and formalities of the Louisiana Teachers Tenure Act,' and (2) supported by substantial evidence, or conversely, an arbitrary decision and thus an abuse of discretion.” Howell v. Winn Parish School Board, 332 So.2d 822 (La.1976); see also Cook v. Natchitoches Parish School Board, 342 So.2d 702 (La.App. 3 Cir. 1977), writs refused, 345 So.2d 52 (La.1977).
*749 In zoning cases, this same standard of judicial review has been applied, holding that in order to overturn a zoning board decision, a complaining party must show that the administrative action was arbitrary and capricious, or an abuse of discretion. State Ex Rel. Maple Area Residents, Inc. v. Board of Zoning Adjustments, 365 So.2d 891 (La.App. 4 Cir. 1978); Gertler v. City of New Orleans, supra; Trustees Under Will of Pomeroy v. Town of Westlake, 357 So.2d 1299 (La.App. 3 Cir. 1978).
The Administrative Procedure Act (La. R.S. 49:951 et seq.) provides for a similar standard of judicial review of decisions or orders of State agencies in an adjudicatory proceeding. This standard is set out in La.R.S. 49:964 G:
“G. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge of the credibility of witnesses by firsthand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency’s determination of credibility issues. Acts 1966, No. 382, § 14, eff. July 1, 1967.”
In Statesman National Life Insurance Co. v. American Allied Life Insurance Co., 366 So.2d 940 (La.App. 1 Cir. 1978), the First Circuit applied La.R.S. 49:964 G in finding that the Commissioner of Insurance had abused his discretion in allowing defendant insurance company to change its name to one deceptively similar to plaintiff’s.
In the present situation, the Police Jury functioned as a quasi-judicial agency, much as a school board does when dismissing a tenured teacher. As no standard of judicial review is set out in the law that allows the Police Jury to so act, we believe that the most logical standard is that set forth in the above, analogous, cases involving school boards, civil service boards, zoning boards, and an executive order in an adjudicatory proceeding under the Administrative Procedure Act, to-wit:
(1) In accordance with authority and formalities of the law and
(2) Supported by substantial evidence, in that the action was not arbitrary or capricious or an abuse of discretion.
From this, as noted previously, the Police Jury has met the first prerequisite. As to whether or not there was substantial evidence to support the decision of the Police Jury, we believe that there is.
In two separate instances the Board, after being informed of the CETA policy, either failed or refused to give consideration to such employees. This failure or refusal led directly to loss of CETA employees for the Housing Authority, and jeopardized the Manpower program for the entire Parish of Rapides. After the March 20, 1978 meeting of the Board, the CETA employees were withdrawn from the Housing Authority by CETA Director Terry Bounds after he was informed that Jenkins would not be considered for the open position; the same thing had happened to (CETA employee) Flynn several months before when she attempted to apply for this same position.
This Court finds that the action of the Rapides Parish Police Jury in removing Tanner A. Messina and Patricia Rabalais as commissioners of the Rapides Parish Housing Authority was not arbitrary or capricious, but was supported by substantial evidence of their misconduct in office.
Accordingly, the judgment of the trial court ordering the reinstatement of Tanner *750 A. Messina and Patricia Rabalais is hereby reversed.
All court costs are assessed against Tanner A. Messina and Patricia Rabalais.
REVERSED AND RENDERED.

. The Executive Director has the authority to recommend persons for employment. The actual authority to hire rests with the Board.

. Freeman Eckert’s testimony at the April 24th, 1978 hearing by the Rapides Parish Police Jury (Tr. of the hearing, pg. 8 hereinafter referred to as “hearing”).

.Hearing, pg. 18.

. Hearing, pg. 9.

. Hearing, pg. 6.

. Hearing, pg. 5.

. Testimony of Commissioner Lloyd, Hearing, pg. 30 and Commissioner Messina, Hearing, pg. 45.

. § 401. Appointment of city or parish commissioners; approval by governor in certain cases; terms
Upon receiving notice that the city council has adopted a resolution declaring the need for an authority in the city, or upon the governing body of a parish adopting a resolution declaring such a need in the parish, the mayor of the city or the governing body of the parish, respectively, shall appoint five persons as the commissioners of the authority in the city or parish.
The first commissioners appointed on a parish authority are subject to the approval of the governor.
The commissioners first appointed to either a city or parish authority shall be designated by the appointing authority to serve for terms of one, two, three, four, and five years, respectively, from the date of their appointment. However, all commissioners appointed to city or parish authorities thereafter, except to fill vacancies, shall be appointed for a term of five years from the date of their appointment. Vacancies shall be filled for the unexpired term.

.
“Mr. Tanner Messina
Ms. Pat Rabalais
Mr. Alec G. Lloyd
Mr. M. W. Skipper
Lady and Gentlemen:
Please be advised that the Rapides Parish Police Jury, at its meeting April 11, 1978, did hereby charge each of you as follows: TANNER MESSINA, PAT RABALAIS, ALEC LLOYD and M. W. SKIPPER, as members of the Board of the Rapides Parish Housing Authority, are guilty of neglect of duty and misconduct in office in that each of you did, on or about March 27, 1978, and prior thereto, refuse to give any consideration to the application of Glenda Jenkins for employment as a full-time, permanent secretary to the Rapides Parish Housing Authority, in violation of CETA regulations, since she was at the time of her application a CETA employee of the Rapides Parish Housing Authority.
EDWIN O. WARE District Attorney”

. Rev. M. W. Skipper was not dismissed.

. Lloyd did not join in their suit.